J-S29043-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TORRENCE DEONTA LYDE, | : | |
| | : | |
| Appellant | : | No. 2011 WDA 2014 |

Appeal from the Judgment of Sentence Entered May 28, 2014,
in the Court of Common Pleas of Indiana County,
Criminal Division, at No(s): CP-32-CR-0001206-2013

BEFORE:    PANELLA, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 11, 2015**

Torrence Deonta Lyde (Appellant) appeals from a judgment of

sentence that was entered after a jury convicted him of a number of crimes,

including possession with the intent to deliver a controlled substance

(heroin) and resisting arrest.  We affirm.

The trial court summarized the background underlying this matter as

follows.

> … On August 21, 2013, Pennsylvania State Police had a
> confidential informant purchase heroin at an apartment where
> [Appellant] was present.  After the transaction took place, police
> obtained a warrant and located [Appellant] in the apartment,
> within close proximity to a large quantity of heroin.  Police
> recorded serial numbers on the currency given to the informant
> for the purchase and all three of these bills were recovered
> during the search.  When police arrived, [Appellant] was in the
> bathroom at the back of the apartment where the sound of a
> flushing toilet could be heard.  [Appellant] blocked the bathroom
> door in an attempt to stop police from entering and continued to
> resist arrest until he was eventually tasered and subdued.

*Retired Senior Judge assigned to the Superior Court.

[A jury convicted Appellant, and the court sentenced him on May 28, 2014]. For the offense of possession with the intent to deliver 1.8 grams of heroin, a second or subsequent offense, [Appellant] was sentenced to a state correctional institution for a period of not less than three nor more than twelve years. For the offense of conspiracy to possess[] with the intent to deliver 1.8 grams of heroin, a second or subsequent offense, [Appellant] also received a sentence of incarceration for a period of not less than three years nor more than twelve years. The possession with intent to deliver and conspiracy to possess[] with intent to deliver sentences are to run concurrently. No sentence was imposed for possession of a controlled substance, as it merged with the offense of possession with intent to deliver. For the offense of recklessly endangering another person, [Appellant] was sentenced to incarceration of not less than one nor more than two years [in prison], with this sentence to run consecutively to the controlled substance offenses. [Appellant] was also sentenced to incarceration of not less than six months nor more than one year for the offense of resisting arrest, with this sentence to run consecutively to the aforementioned sentences.

Trial Court Opinion, 8/29/2014, at 1-2 (unnecessary capitalization omitted).

On June 30, 2014, Appellant filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant filed a 1925(b) statement, and the trial court issued an opinion in compliance with Pa.R.A.P. 1925(a). However, on October 29, 2014, this Court issued a *per curiam* order quashing the appeal as untimely filed. **Commonwealth v. Lyde**, 1107 WDA 2014.

Appellant then timely requested and was granted the reinstatement of his direct appeal rights. Appellant timely filed a notice of appeal and *sua sponte* filed a 1925(b) statement. The trial court responded to the 1925(b)

statement by relying on its previously issued 1925(a) opinion. In his brief to this Court, Appellant asks us to consider the following questions:

> I. Whether the trial court erred by denying [] Appellant's Motion to Demurrer, when the defense challenged the weight of the evidence following the Commonwealth's case.
>
> II. Whether the trial court erred by denying the defense objection, and allowing the prosecution to have police witnesses testify that a controlled buy of illegal drugs was made by a confidential informant, from an apartment where [] Appellant and others were present, without revealing the name of the confidential informant.

Appellant's Brief at V.

The manner in which Appellant's counsel phrases the first issue and presents the argument in support thereof is confusing. We begin our discussion of that issue by observing that, after the Commonwealth rested, the trial court asked Appellant's counsel whether he wanted to make a motion for judgment of acquittal. N.T., 5/19/14, at 141. Counsel responded as follows: "I would, your Honor. I move for a demurrer on all the charges except resisting. I don't think there is enough evidence presented on that to establish." *Id.* at 141-42. Soon thereafter, the court denied counsel's motion, referring to it as a motion for judgment of acquittal. *Id.* at 142.

On appeal, Appellant argues that the trial court erred by denying the oral motion he made at the close of the Commonwealth's case. *See*, *e.g.*, Appellant's Brief at 1 ("The Trial Court erred by denying the Appellant's Motion to Demurrer ...."). However, it is unclear whether Appellant

ultimately is presenting a challenge to the weight of the evidence or to the sufficiency of the evidence, as he provides the legal principles for challenging both.

To the extent that Appellant's first issue raises a claim that he is entitled to a new trial because the jury's verdict is contrary to the weight of the evidence, we conclude that the issue is waived. In order to preserve a weight-of-the-evidence claim for appellate review, Appellant was required to present such a claim to the trial court in a motion for a new trial orally before sentencing, by written motion before sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(A). Appellant did not file a post-sentence motion or a written motion before sentencing. While he did make an oral pre-sentence motion for a "demurrer," Appellant did not request a new trial in making that motion and, perhaps more importantly, made the motion prior to the verdict. Thus, when he made that motion, any claim that the verdict was contrary to the weight of the evidence was premature.

To the extent that Appellant's first issue raises a claim that the Commonwealth failed to present sufficient evidence to support his convictions, we first highlight that Appellant was convicted of five crimes. Appellant fails to indicate what crime he believes the Commonwealth failed to prove he committed at trial, let alone which element of the crime he

believes the Commonwealth failed to establish;[1] consequently, Appellant has waived any challenge to the sufficiency of the evidence. **See Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014) ("In order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove. Samuel has failed to do so, and so he has waived this claim for lack of development.") (citations omitted).

Appellant next asserts that "[o]ver objection from the defense, the [t]rial [c]ourt refused to direct the Commonwealth to reveal the name of the confidential informant[.]" Appellant's Brief at 4. Appellant argues that the trial court erred in this regard.

Appellant raised this issue in his 1925(b) statement. In response, the trial court stated that "[a] review of the record shows that [Appellant] made no objection to this issue[.]" Trial Court Opinion, 8/29/2014, at 2. The Commonwealth also suggests that the record does not support Appellant's claim that he raised this issue at trial. Commonwealth's Brief at 10.

---

[1] The only specific challenge Appellant makes regarding the evidence presented at trial is as follows: "At trial there was not testimony that [] Appellant was involved with a **delivery** of heroin, either by himself or with other people." Appellant's Brief at 1 (emphasis added); **see id.** ("[T]he burden of proving delivery was clearly not met by the Commonwealth."). However, Appellant was not convicted of delivering heroin by himself or with other people; rather, he was convicted of, *inter alia*, possession **with the intent to deliver** heroin and conspiracy to possess **with the intent to deliver** heroin.

Appellant's brief fails to indicate where in the record he preserved this issue, in violation of Pa.R.A.P. 2117(c) and 2119(e). Moreover, while reviewing the certified record, we did not observe any issue raised by Appellant regarding the identity of the confidential informant. For these reasons, we conclude that Appellant waived his second issue. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/11/2015