J-S36034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
          v. :
:
CRAIG DARREL BUCKNER, :
:
          Appellant : No. 1964 WDA 2014

Appeal from the Judgment of Sentence Entered November 27, 2013
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0002282-2010

BEFORE: PANELLA, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED JULY 20, 2015**

Craig Darrel Buckner (Appellant) appeals from a judgment of sentence of an aggregate term of 162 to 324 months' incarceration after being convicted by a jury of rape, unlawful restraint, terroristic threats, possessing instruments of crime, and simple assault. We affirm.

The trial court summarized the background underlying this matter as follows.

> [The Victim met Appellant during the summer of 2010, when she was seventeen years old.] Over time, they developed a relationship, which included sexual activity. On June 19, 2010, she learned that she was pregnant.… [S]he eventually appeared at [Appellant's] residence on June 28, 2010.… At that time, he called her a "whore", "a dirty bitch" and accused her of sleeping with other men.… At some point during this encounter, he stood in front of the doorway blocking her exit. He told her that she "f----d up his night so he was going to mess up her night". He then threatened to beat and kill her.

---

* Retired Senior Judge assigned to the Superior Court.

[A]ppellant closed and locked the door and told the [V]ictim to get into bed. Afraid, she complied. He pushed her and pulled her hair and told her to remove her clothes. In fear, she complied. He then pulled down her shorts and told her to take off her underwear. She did so. Terrified and naked, she attempted to make a cellphone call for help. [A]ppellant grabbed it and threw it across the room. He then grabbed a belt and hit the [V]ictim multiple times on her legs and rear. He punched her in the face causing a bloody nose. During this attack, he repeatedly threatened to kill her and her family. He told her that he had a gun and a knife and that he would cut a hole in her stomach. At one point, he dragged her to the attic to find the knife. He then dragged her back to his bedroom and attempted to force her to perform oral sex upon him, pulling her head toward his penis. She resisted. In fear, she complied with his request to mount him, during which she asked him to stop. He then got on top of her and penetrated her with his penis. In spite of her protestations, he did not stop the assault. Eventually, [A]ppellant fell to sleep and the victim was able to escape.… She was taken to St. Vincent Health Center for performance of a rape examination. At trial, she described her various injuries which were corroborated by the physical evidence.

\*\*\*

Forensic (DNA) evidence established that [A]ppellant's sperm was found in the fluid sample taken from the [V]ictim's vagina.

[Appellant] admitted striking the [V]ictim with a belt when he learned that she was pregnant.… The sex, he said, was consensual, and denied that he ever threatened her, nor restrained her from leaving his apartment. The jury rejected his account.

Trial Court Opinion, 12/29/2014, at 3-6 (citations to transcript omitted).

The jury found Appellant guilty of the aforementioned offenses on July 23, 2013. *Id.* at 2. No direct appeal was taken. On September

2, 2014, Appellant, *pro se*, filed a Post Conviction Relief Act ("PCRA")[1]

petition, and counsel was appointed. On November 6, 2014, the PCRA

court reinstated Appellant's appellate rights *nunc pro tunc.* Counsel

timely filed a notice of appeal on December 2, 2014, and both

Appellant and trial court complied with Pa.R.A.P. 1925(b). On appeal,

Appellant asks us to consider the following questions:

> I. Whether the lower court committed legal error and abused its discretion in denying the motion for judgment of acquittal as to the criminal charges for rape, unlawful restraint and terroristic threats given that there was insufficient evidence to support guilty verdicts as to those respective criminal charges?
>
> II. Whether the lower court committed legal error and abused its discretion as to the treatment of the photographs of the physical injuries sustained by the victim admitted into evidence by the Commonwealth?

Appellant's Brief at 2 (unnecessary capitalization omitted).

On appeal, Appellant argues that the trial court erred by denying his

motion for judgment of acquittal.[2] Appellant's Brief at 5. However, it is

unclear whether the Appellant is ultimately presenting a challenge to the

weight of the evidence or to the sufficiency of the evidence, as he confuses

---

[1] 42 Pa.C.S. §§ 9541-9545.

[2] After the Commonwealth rested—when the trial court asked whether there were any motions for consideration—Appellant's counsel responded, "Oh well, motion for judgment of acquittal." N.T., 7/23/2013, at 62. The court denied the motion, noting there was "sufficient evidence to go to the jury on the charges." ***Id.***

the requirements of each.[3] Notably, he argues there was "minimal extraneous evidence" to establish any of the crimes, and in the next breath argues that the "alleged victim's account was replete with factual inaccuracies." Appellant's Brief at 5.

Either way, the claim is waived. To the extent that Appellant's first issue raises a claim that he is entitled to a new trial because the jury's verdict is contrary to the weight of the evidence, we conclude that the issue is waived. In order to preserve a weight of the evidence claim for appellate review, Appellant was required to present such a claim to the trial court in a motion for a new trial orally before sentencing, by written motion before sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(A). Appellant did not file a post-sentence motion or a written motion before sentencing. While he did make an oral pre-sentence motion, he did not request a new trial in making that motion and, perhaps more importantly, made the motion prior to the verdict. Thus, when he made that motion, any claim that the verdict was contrary to the weight of the evidence was premature.

To the extent that Appellant's first issue pertains to the sufficiency of the evidence to support his convictions, we note that an appellant making a sufficiency claim must "specifically discuss the elements of the crime and

_____

[3] In a sufficiency of the evidence claim, the defendant contends that the Commonwealth failed to establish "each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000) (footnote and citations omitted). Conversely, in a weight of the evidence claim, the claimant necessarily concedes there is sufficient evidence to sustain the verdict. **Id.**

identify those [elements] which he alleges the Commonwealth failed to prove." *See Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citations omitted).

Appellant specifically enumerates three of the five crimes he believes the Commonwealth failed to prove he committed, namely, rape, unlawful restraint, and terroristic threats. Appellant's Brief at 5. However, because Appellant has not indicated which elements of the crimes he believes the Commonwealth failed to establish,[4] he has waived any challenge to the sufficiency of the evidence. For these reasons, Appellant is not entitled to relief on his first issue.

We now turn to Appellant's second issue, where he asserts that the trial court erred as to "its treatment of the photographic evidence of the alleged victim's injuries." Appellant's Brief at 5. To the extent Appellant's second issue pertains to the admissibility of the photographs, we note Appellant did not object to the admission of the photographs at trial. N.T., 7/22/2013, at 98. In order to preserve a claim for review, the defendant must make a timely and specific objection to the introduction of the challenged evidence at trial. *Commonwealth v. Gray*, 867 A.2d 560, 574 (Pa. Super. 2005) (citations omitted). Thus, Appellant has waived this issue.

To the extent that Appellant is challenging the trial court's denial of his

---

[4] Appellant does not tie any of his discussion to specific elements. Appellant's Brief at 4-5.

request for a cautionary instruction to accompany the admission of the photographs, the issue is moot. Although the trial court stated it would not give an explicit cautionary instruction with respect to the photographs, it ultimately did.[5]  Accordingly, to the extent Appellant is claiming the trial court erred by denying his request for a special jury instruction, that issue is moot.

Having concluded that all of Appellant's arguments are either waived or moot, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/20/2015

---

[5] N.T., 7/23/2013, at 43 (noting that an inflammatory instruction might be modified) and 161 (instructing the jury that "[t]he photographs from this case are not relevant or are not admitted to excite your passions nor to make you sympathetic").