J-S26006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELISSA A. OVERBY | |
| Appellant | No. 2810 EDA 2015 |

Appeal from the Judgment of Sentence August 27, 2015
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000934-2013

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

JUDGMENT ORDER BY OLSON, J.:                    **FILED APRIL 12, 2016**

Appellant, Melissa A. Overby, appeals *pro se* from the judgment of sentence entered on August 27, 2015, following her jury trial conviction for endangering the welfare of a child, 18 Pa.C.S.A. § 4304(a)(1).  Because Appellant's brief has substantial defects precluding our review, we dismiss the appeal.

Pennsylvania Rule of Appellate Procedure 2101 provides that:

> Briefs ... shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, ... if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

Under our appellate rules, an appellant's brief shall contain:

---

*Retired Senior Judge assigned to the Superior Court.

**(a) General rule.--**The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1)    Statement of jurisdiction.

(2)    Order or other determination in question.

(3)    Statement of both the scope of review and the standard of review.

(4)    Statement of the questions involved.

(5)    Statement of the case.

(6)    Summary of argument.

(7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10)   The [trial court's] opinion[] [relating to the determination under review.]

(11)   In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a).

Here, aside from attaching the trial court's opinion to her brief pursuant to subsection 10 above, Appellant did not comply with any of the additional briefing requirements.  Instead, in her appellate brief, Appellant

sets forth bald contentions in narrative form with bullet points. However, the most egregious error is Appellant's failure to cite any relevant legal authority. We previously stated:

> The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf. It [is an appellant's] responsibility to provide an adequately developed argument by identifying the factual bases of [her] claim and providing citation to and discussion of relevant authority in relation to those facts. [When she] has failed to do so, we find [those] issue[s] waived.

***Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014) (case citations omitted). In this case, Appellant does not cite any authority whatsoever, thus, even if we were able to discern her precise claims, she waived all issues by failing to comply with Pa.R.A.P. 2119.

Finally, we note that:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (internal citations omitted).

Appeal dismissed.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/12/2016</u>