J-A25021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| --- | --- |
| Appellee | PENNSYLVANIA |
| v. | |
| STEFON THOMAS LANDING, | |
| Appellant | No. 2101 MDA 2015 |

Appeal from the Judgment of Sentence November 20, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000854-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 23, 2016**

Appellant, Stefon Thomas Landing, appeals from the judgment of sentence entered November 20, 2015, in the Court of Common Pleas of Lancaster County.  We affirm.

The trial court summarized the facts of this case as follows:

On January 4, 2015, the decedent, Devonte Gantt, requested his friend, Amos Clay III, to accompany him during a narcotics (Marijuana) transaction.  Gantt gave Clay a firearm to carry during the transaction.  Gantt and Clay then left Gantt's residence and met [Appellant], who was purchasing the Marijuana.  After walking into a nearby corner store to get change, [Appellant] walked down the block with Gantt and Clay to a breezeway directly adjacent to 711 High Street.  Next, Clay alleged that after Gantt removed the marijuana, [Appellant] tried to grab the bag, and then pulled out a firearm and shot Gantt when he resisted.  From there, [Appellant] and Clay exchanged

---

* Former Justice specially assigned to the Superior Court.

gunfire as [Appellant] ran away and both [Appellant] and Clay were struck. Gantt ran through the breezeway and into a backyard, where he ultimately passed away. [Appellant], on the contrary, asserted that Clay shot him first when Gantt handed him the Marijuana and, thus, was entitled to a claim of self-defense.

Trial Court Opinion, 3/30/16, at 2 (internal citations omitted).

As a result, Appellant was charged with several criminal counts. On October 23, 2015, following a jury trial, Appellant was convicted of one count each of murder of the third degree, aggravated assault, and firearms not to be carried without a license. A pre-sentence investigation report was ordered, and on November 20, 2015, Appellant was sentenced to an aggregate term of twenty-two and one-half to forty-five years of incarceration and restitution. N.T., 11/20/15, at 20-21; Sentencing Order, 11/20/15, at 1.

On November 24, 2015, the Commonwealth filed a motion to modify sentence. By order entered November 25, 2015, the trial court granted the motion and thereby amended Appellant's restitution sentence. Order, 11/25/15, at 1. Appellant timely appealed. The trial court and Appellant complied with the requirements of Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue for our review:

Did the Trial Court abuse its discretion when it failed to find that the verdict was against the weight of the evidence because the Commonwealth failed to disprove, beyond a reasonable doubt, Appellant's claim of self-defense where the testimony of the Commonwealth's star and sole eye-witness Amos Clay was so contrary to the incontrovertible physical facts as to render reliance thereupon shocking to one's sense of justice?

Appellant's Brief at 4 (footnote omitted).

We examine a challenge to the weight of the evidence under the following standards:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
>> Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence**. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–1055 (Pa. 2013) (emphasis in original) (internal citations and quotation marks omitted).

Before we can address the merits of Appellant's claim, however, we first must determine whether it has been waived. Rule 607 of the Pennsylvania Rules of Criminal Procedure requires, *inter alia*, that:

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A); **see also Commonwealth v. Priest**, 18 A.3d 1235, 1239 (Pa. Super. 2011). As noted in the comment to this rule, "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607 cmt. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009).

Following our thorough review of the transcripts of record, we are unable to identify where Appellant orally raised the weight of the evidence claim prior to sentencing. Specifically, Appellant did not raise it at the time the verdict was rendered, N.T., 1/23/15, at 714-717, nor did he challenge it at the sentencing hearing. N.T., 11/20/15, at 1-22. Moreover, Appellant fails to direct our attention to any place in the record where he raised the

issue prior to sentencing. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) ("The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim.").

Additionally, there is no evidence of record that a written motion challenging the weight of the evidence was filed prior to sentencing. There is no entry in the docket reflecting such a filing nor has our thorough review of the record revealed such. Moreover, Appellant does not cite to any such written motion.

Finally, the only post-sentence motion filed in this matter was a motion to modify sentence filed by the Commonwealth. Commonwealth's Motion to Modify Sentence, 11/24/15, at 1-3. In that motion, the Commonwealth sought to amend the amount of restitution Appellant was ordered to pay. *Id.* The record reflects no post-sentence motion filed by Appellant. Again, Appellant fails to identify for this Court any such filing.

We note that Appellant did raise this issue in his Pa.R.A.P. 1925(b) statement. This is insufficient, however, to preserve the claim. *Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008) (Appellant's inclusion of the issue in his Pa.R.A.P. 1925(b) statement will not save it from being waived where he failed to raise it in the court below); *see also Sherwood*, 982 A.2d at 494 (where the appellant failed to

preserve a weight of the evidence claim before the trial court, the fact that the appellant included the issue in his Pa.R.A.P. 1925(b) statement and the trial court addressed it in its Pa.R.A.P. 1925(a) opinion did not preserve his claim for appellate review); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); ***Commonwealth v. Melendez–Rodriguez***, 856 A.2d 1278, 1288 (Pa. Super. 2004) (*en banc*) (the fact that an issue is included in a Pa.R.A.P. 1925(b) statement does not obviate its waiver under Pa.R.A.P. 302(a)).

Our review of the record reveals that Appellant did not present a weight of the evidence claim orally or in writing before sentencing or in a post-sentence motion. Thus, his claim is waived on this basis.[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016

---

[1] Assuming *arguendo* that Appellant had not waived his weight of the evidence claim, we would have affirmed on the basis of the trial court's discussion. Trial Court Opinion, 3/30/16, at 2-5.