J-S34005-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
                                      :
               v.                        :
                                      :
                                      :
ANDREA DUDENHOEFER           :
                                      :
          Appellant           :    No. 909 WDA 2017

Appeal from the Judgment of Sentence May 22, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001698-2016,
CP-25-CR-0003026-2016

BEFORE:    BOWES, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                  FILED JULY 25, 2018

Andrea Dudenhoefer appeals from the aggregate judgment of sentence of eleven and one-half to twenty-three months imprisonment, followed by nine years probation. We affirm.

We glean the following facts from the record. Appellant stole over $12,000 worth of jewelry and coins from her mother and grandmother in late 2015 and early 2016. On July 16, 2016, Appellant stole her grandfather's .357 Magnum handgun, and, when her family tried to retrieve it from her, she attempted to grab it from under her bed while telling them that she would kill them all. As a result, Appellant was charged at the above-captioned docket numbers with theft by unlawful talking, firearm not to be carried without a license, and terroristic threats, as well as with charges that were later withdrawn. Appellant pled guilty on March 23, 2017, and, on May 5, 2017,

_____
*    Retired Senior Judge assigned to the Superior Court.

following a pre-sentence investigation, was sentenced as indicated above and ordered to pay restitution in the amount of $12,730. Appellant filed a timely post-sentence motion seeking modification of her sentence, which the trial court denied a week later. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the discretionary aspects of her sentence. Thus, the following principles apply to our review.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Commonwealth v. Samuel, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (some citations omitted).

Appellant filed a notice of appeal after preserving her issues by including them in a motion to modify sentence and her Pa.R.A.P. 1925(b) statement. Further, Appellant's brief contains a statement pursuant to Pa.R.A.P. 2119(f), in which she claims that the trial court's imposition of a sentence far above the aggravated range is manifestly excessive given her lack of any prior record

and her compliance with the court's pre-sentence requirements. Appellant's brief at 5. This Court has found that a substantial question was presented by an excessiveness claim combined with allegations that the trial court failed to consider mitigating factors. Commonwealth v. Raven, 97 A.3d 1244, 1253 (Pa.Super. 2014). As such, we turn to the merits of Appellant's claim.

We begin by noting that, "[w]hen imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." Commonwealth v. Antidormi, 84 A.3d 736, 761 (Pa.Super. 2014) (citations and quotation marks omitted).

"When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." Commonwealth v. Ventura, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." Commonwealth v. Macias, 968 A.2d 773, 778 (Pa.Super. 2009). Rather, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Antidormi, *supra* at 760.

Appellant argues that the sentence was manifestly excessive under the circumstances. She claims that the circumstances of her case are not uncommon with typical cases involving individuals with drug and mental health issues. Appellant's brief at 9. Appellant points to the following mitigating factors that she believes were not considered by the trial court:

> 1) That the instant offenses were Appellant's first involvement with the criminal justice system that involved felonies and/or misdemeanors;
>
> 2) That Appellant was incarcerated for a period of fifty (50) days prior to a bond reduction during a preliminary hearing;
>
> 3) That Appellant remained law abiding and free of any other criminal offenses in the eight (8) plus months between Appellant's bond reduction and Appellant's guilty pleas;
>
> 4) That Appellant abided by the terms and conditions of that bond when Appellant agreed to no contact any of the victims which were her parents and grandparents and her sole source of love and support thus far;
>
> 5) That Appellant abided by the terms and conditions of that bond when Appellant appeared for guilty pleas on March 23, 2017 and for sentencing on May 5, 2017;
>
> 6) That Appellant pled guilty to three (3) Misdemeanors of the First Degree to resolve both cases and that according to the sentencing guidelines the standard range was "RS -1" and the aggravated range was "4";
>
> 7) That Appellant's family, as represented by an Aunt during the sentencing, did not request the trial court to "throw the book at her" but instead requested that the trial court impose counseling and therapy to address Appellant's dual diagnosis issues that included illegal drug usage and mental health problems;

8) That Appellant was approximately six (6) months pregnant (at time of sentencing) and that further incarceration was punitive in nature and unnecessary to accomplish the goals of the court system to ensure that Appellant reaches full rehabilitative potential as a private citizen.

Id. at 8-9 (citations, emphasis, and unnecessary capitalization omitted).

The trial court responded to Appellant's claims by pointing to the following remarks that it made at the sentencing hearing.

THE COURT: I have read the pre-sentence report in its entirety, and the sentencing guidelines. I have listened to the evidence presented here today and I recognize that you're a relatively young person, and that there are substance abuse and mental health issues, but you're not disabled. You're capable of working and you know right from wrong, and you have, quite honestly, tormented your family for a long period of time.

To their credit they had continued to support you. They would drive you to and from treatment at Stairways, they would drive you to and from work. They would give you shelter. They would give you food, at no cost of your own. And your response to that is to continue to lie, steal, put them in fear, break into your parents' - grandparents' bedroom, steal a gun from them, and all this was after you had stolen eleven thousand four hundred and thirty dollars' worth of jewelry from your grandmother from November 25th through February 13th, and then you stole jewelry from your mother, having a value of thirteen hundred dollars, more or less, which is her wedding ring. Why would you do that? You stole your mother's wedding ring and sold it. Why would you do that? How do you think it makes her feel?

[APPELLANT]: I know.

THE COURT: She'll never get it back and her husband is gone. Do you have any idea the depth of that loss?

[APPELLANT]: Yes.

THE COURT: Well, your behavior doesn't show it. I have a concern. I've read the guidelines, but I don't think the guidelines help us given the unique dynamics of this family, which I certainly

understand their fear and concern that given your track record, you most likely will steal from them, including guns, steal their precious possessions. . . .

. . . .

I'm going to order a sentence and this is for terrorizing her family, after the gun is discovered, and I'm going to order a sentence which I recognize is beyond the aggravated range, but of eleven and half to twenty-three months. And I do so for a number of reasons which I will elaborate on.

The guidelines, like I said, don't reflect the unique circumstances created by [Appellant], and the difficult dynamics within her immediate family and her extended family. And we need to hold her accountable. We need to get her attention, and we need to get assessments done, so that there can be the appropriate services in place.

. . . .

If I didn't say so, I think I did, there will be drug and alcohol and mental health evaluations, and it will be a condition of her supervision that she complies with that.

So I put a sentence together that holds you accountable, that will get an assessment done because you've had issues and treatment that hasn't worked for you.

. . . .

And we need an extended period of supervision because you owe a lot of restitution in this case.

N.T. Sentencing, 5/5/17, at 16-20.

We discern no abuse of discretion. Contrary to Appellant's averment, the record shows that the trial court considered all of the relevant sentencing factors. See Commonwealth v. Baker, 72 A.3d 652, 663 (Pa.Super. 2013) ("When a sentencing court has reviewed a presentence investigation report,

we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence."). Upon consideration of those factors, the court offered sound explanations for its determination that the guideline ranges were not appropriate. Commonwealth v. Smith, 863 A.2d 1172, 1178 (2004) ("[I]f the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, the sentence will be upheld.") (internal quotation marks omitted). Further, although the sentences are above the guideline ranges, they are below the statutory maximums, under which the court was permitted to impose three consecutive sentences of five years incarceration. See N.T. Guilty Plea, 3/23/17, at 6-7 (explaining that Appellant faced a possibility of an aggregate sentence of fifteen years incarceration).

Accordingly, we conclude that the trial court's sentence is neither manifestly unreasonable nor a product of partiality, prejudice, bias or ill will, and thus Appellant's challenge to the discretionary aspects of her sentence warrants no relief from this Court. See, e.g., Commonwealth v. Bullock, 170 A.3d 1109, 1126 (Pa.Super. 2017) (affirming sentence of ten to twenty years confinement followed by five years probation, in the face of guidelines recommending no more than seven years incarceration, where the court reviewed the presentence investigation report and articulated rational bases for its deviation from the guidelines).

Judgment of sentence affirmed.

- 8 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/25/2018