J-S53006-14

2014 PA Super 236

COMMONWEALTH OF PENNSYLVANIA,    :   IN THE SUPERIOR COURT OF
                                      :        PENNSYLVANIA
                Appellee              :
                                        :
                v.                     :
                                        :
JERMAINE SAMUEL,                 :
                                        :
               Appellant            :   No. 1546 WDA 2013

Appeal from the Judgment of Sentence April 12, 2013,
Court of Common Pleas, Blair County,
Criminal Division at No(s): CP-07-CR-0000667-2012
and CP-07-CR-0002674-2011

BEFORE: DONOHUE, OLSON and PLATT*, JJ.

OPINION BY DONOHUE, J.:            **FILED OCTOBER 17, 2014**

Jermaine Samuel ("Samuel") appeals from the judgment of sentence entered following his convictions of numerous counts of possession with intent to deliver, criminal use of a communication facility, dealing in unlawful proceeds and corrupt organizations.[1] He raises eight issues in this appeal. Following our review, we conclude that four of these issues have been waived, one is moot and the rest are without merit. Accordingly, we affirm.

Samuel's convictions are the result of an investigation by the Office of the Attorney General of Pennsylvania into an operation in which Samuel and multiple other people conspired to bring large quantities of cocaine from Baltimore to Pennsylvania for distribution in Altoona. The investigation included the use of confidential informants and multiple means of electronic

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 7512(a), 5111, 911(b)(3).

*Retired Senior Judge assigned to the Superior Court.

surveillance, including body wires on the confidential informants and wiretaps and pen registers on at least four telephone numbers. The investigation resulted in 12 arrests. During his week-long trial, the evidence established that Samuel coordinated and received quantities of cocaine from Maryland, warehoused them in an office above a bar in Altoona, cut the drugs and repackaged them for sale to particular street-level dealers. Samuel was convicted of the crimes listed above and sentenced to an aggregate term of 46½ to 103 years of incarceration. On April 22, 2013, Samuel filed a timely post-sentence motion. The trial court did not rule on Samuel's post-sentence motion within 120 days of the date it was filed, and so it was effectively denied by operation of law.[2] This appeal follows.[3]

Samuel raises the following issues for our review, which we have reordered for purposes of our discussion:

> 1. Whether the trial court erred in denying Samuel's [o]mnibus [p]re-[t]rial [m]otion, which sought the suppression and exclusion of the contents of all wire, electronic, and/or oral communications, and evidence derived therefrom, relative to the non-

---

[2] The order denying Samuel's post-trial motion was filed on December 3, 2013, after Samuel filed his notice of appeal to this Court. This is improper, and as such, we could quash Samuel's appeal. *See Commonwealth v. Borrero*, 692 A.2d 158 (Pa. Super. 1997) (holding that the entry of an order denying timely-filed post-sentence motions is a prerequisite to our exercise of our jurisdiction). However, the trial court eventually entered the proper order. In this instance, we will deem done what should have been done and will not quash the appeal for this reason. *See* Pa.R.A.P. 902.

[3] The trial court did not order Samuel to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

consensual interceptions of the telephone numbers the Commonwealth associated with Samuel?

2. Whether there was sufficient evidence to sustain the jury's finding of guilt with respect to each count of which Samuel was convicted?

3. Whether the trial court erred in permitting the Commonwealth to present cumulative, prejudicial, and irrelevant evidence of 'historical controlled purchases' in which Samuel had no involvement?

4. Whether the trial court erred in failing to grant Samuel's continuing objection that the Commonwealth failed to properly authenticate the text messages allegedly authored by Samuel?

5. Whether the trial court erred in denying Samuel's [p]etition for [r]elease on [n]ominal [b]ail?

6. Whether the trial court erred in its discretionary aspects of sentencing; in particular, whether the trial court erred in failing to consider certain mitigating factors, and whether the trial court abused its discretion in running all periods of incarceration consecutive [sic], resulting in what Samuel submits is a life sentence of incarceration?

7. Whether the trial court erred in concluding at the time of sentencing that the Commonwealth preponderantly proved the weights of the controlled substances attributable to the following counts: 1, 5, 8, and 9 of CR 667-2012; and count 1 of CR 2674-2011; and whether the trial court engaged in an improper procedure in determining that the Commonwealth established the requisite weights of controlled substances, thus implicating the legality of Samuel's sentence?

8. Whether the trial court erred in allowing the Commonwealth to amend the criminal information

> filed against Samuel, which had the effect of back-dating Samuel's alleged criminal involvement in this matter, where the trial court erroneously relied upon the decisions of another trial court judge relative to other defendants in the overall investigation?

Appellant's Brief at 6-7.

We first consider Samuel's challenge to the trial court's denial of his suppression motion. Samuel argues that the Commonwealth's applications for wiretaps on two telephone numbers were "impermissibly 'successive' and non-specific with regard to Samuel in that [they] were not based upon 'new evidence' different from and in addition to information in support of previous Authorization Orders;" that "the [a]pplications for the telephone numbers associated with Samuel were [not] particularized with respect to Samuel;" and that "the Commonwealth failed to show that it employed reasonable investigative techniques specific to Samuel." *Id.* at 15. Despite these allegations, Samuel fails to develop his argument by identifying the particular wiretap applications upon which he bases this claim, much less where in the record they can be located. *See* Pa.R.A.P. 2119(c) ("If reference is made to … any [] matter appearing of record, the argument must set forth … a reference to the place in the record where the matter referred to appears."). He also fails to discuss meaningful authority in

- 4 -

support of his claims.[4]   Instead, he "urges this Court to engage in a comparative analysis of the facts contained in the applications" to "disclose[] the glaring similarities of the evidence utilized in all of the applications[.]" *Id.* at 16.

We decline Samuel's invitation.  The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority.  *See* Pa.R.A.P. 2119.  It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim.  *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. 1997).  Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006).  It was Samuel's responsibility to provide an adequately developed argument by identifying the factual bases of his claim and providing citation to and discussion of relevant authority in relation to those facts.  Because he has failed to do so, we find this issue waived.

Samuel's second claim purports to challenge the sufficiency of the evidence "with respect to each count of which Samuel was convicted."

---

[4] Samuel cites three decisions from the Federal Court of Appeals for the Ninth Circuit, all of which involve federal wiretap procedure.  *See* Appellant's Brief at 14-15. Pennsylvania has its own law governing wiretap procedure, the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S.A. § 5701 *et seq*.  Samuel does not provide any law regarding Pennsylvania's wiretap statute or explain how or to what extent Pennsylvania's wiretap law overlaps with federal wiretap law.

- 5 -

Appellant's Brief at 22. Samuel has not specified the elements of the crimes that he believes Commonwealth failed to adequately establish. In order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove. **Commonwealth v. McDonald**, 17 A.3d 1282, 1286 (Pa. Super. 2011). Samuel has failed to do so, and so he has waived this claim for lack of development. **See id.**

Furthermore, we note that the only argument that Samuel presents in support of his sufficiency claim challenges the Commonwealth's evidence as incredible. **See** Appellant's Brief at 23-24. This argument attacks the weight, rather than the sufficiency, of the evidence. **Commonwealth v. Feucht**, 955 A.2d at 337, 382 (Pa. Super. 2008). Accordingly, such an argument is not relevant to a sufficiency of the evidence claim. We also note that Samuel did not raise a claim challenging the weight of the evidence in his statement of questions involved on appeal; as such, we do not address the merits of this argument. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

Next, Samuel argues that the trial court erred by allowing the Commonwealth to present what he calls "cumulative, prejudicial, and irrelevant evidence of 'historical controlled purchases'" in which Samuel had no involvement. Appellant's Brief at 26. However, Samuel fails to identify

the particular evidence to which he is objecting in any manner. He does not identify what kind of evidence this was (*e.g.*, testimonial or photographic) or in what manner, or through what witness or witnesses, the contested evidence was admitted. The only case law that Samuel cites in support of this claim is the standard of review for claims challenging the admission of evidence and the well-known principle that relevant evidence may still be excluded if the potential for prejudice outweighs its probative value. Appellant's Brief at 26-27. Again, we will not comb the record for the facts in support of Samuel's claim and we will not develop arguments on his behalf. This issue is waived. ***Mulholland***, 702 A.2d at 1034 n.5; ***Gould***, 912 A.2d at 873.

We find the next issue waived for the same reason. Samuel states that the trial court erred by failing to exclude text messages allegedly written by him because the Commonwealth failed to properly authenticate them. Appellant's Brief at 28. He states that "with regard to ***each*** text message, the Commonwealth failed to articulate or provide independent substantiation relative to its assertion … that the text messages played during trial were, in fact, authored by Samuel." Appellant's Brief at 28 (emphasis added). However, Samuel does not identify where in the record the admission of these text messages occurred or what the content of the text messages was. He does not discuss any relevant authority or otherwise

develop his claim.[5]  This claim is woefully underdeveloped and therefore waived.

Samuel's fifth claim of error is that the trial court erred by denying his request for release on nominal bail pursuant to Pa.R.E. 600(E).  Appellant's Brief at 19.  However, because Samuel has been convicted and is incarcerated, this claim is moot.  **Commonwealth v. Sloan**, 907 A.2d 460, 464-65 (Pa. 2006) (holding that challenge to denial of request for release on nominal bail is moot where defendant is no longer in pre-trial detention).  As such, we need not discuss the merits thereof.

The sixth issue Samuel raises relates to the discretionary aspects of his sentence.  An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right.  **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013).  Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence

---

[5] The entirety of Samuel's argument on this issue is two brief paragraphs, totaling 14 lines.  **See** Appellant's Brief at 27-28.

> appealed from is not appropriate under the
> Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.*

Samuel timely filed his notice of appeal, preserved this issue in his post-sentence motion, and included a statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. In his Rule 2119(f) statement, Samuel contends that the trial court erred by running his sentences consecutively, thereby resulting in what is effectively a life sentence of incarceration. He further contends that the trial court erred by "disregarding all mitigating factors presented … at the time of sentencing[.]" Appellant's Brief at 29, 31. Essentially, Samuel claims that his sentence is excessive and that the trial court erred by not considering mitigating factors. "[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, ___ A.3d ___, 2014 WL 3907103 at *6 (Pa. Super. August 12, 2014). Thus, we consider the merits of this claim.

As we do, we are mindful that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Id.*** To be entitled to relief, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** Our law further provides that

> [t]he appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

The only argument Samuel puts forth is that when imposing his sentence, the trial court disregarded certain mitigating factors, including his age; his lack of a history of violent crime; his cooperation and respect for the trial court throughout the proceedings; and that he is the father of two children. Appellant's Brief at 31. Ostensibly, Samuel's argument is that had the trial court considered the mitigating factors, it would not have imposed this excessive sentence.

The record reveals that the trial court did consider Samuel's argument that he has no history of violent offenses, as it referenced this in its

- 10 -

comments during the sentencing hearing. N.T., 4/12/13, at 76. The trial court does not specifically address the other mitigating factors raised by Samuel; however, Samuel cites no authority for the proposition that a trial court must address all mitigating circumstances presented before it, and we know of none. To the contrary, a trial court is only required to state the reasons for the sentence it imposes on the record, **see** 42 Pa.C.S.A. § 9781(b), and the record reveals that the trial court adequately explained the reasons for the sentence it imposed. **See** N.T., 4/12/13, at 74-76. Samuel's argument that the trial court abused its discretion is therefore unavailing.

Next, we address Samuel's claim challenging the legality of his sentence. At the time of Samuel's trial and sentencing, 18 Pa.C.S.A. § 7508 provided for mandatory minimum sentences for drug trafficking convictions, and the length of the mandatory minimum depended on the amount of the drug involved.[6] 18 Pa.C.S.A § 7508. At the sentencing hearing, the Commonwealth presented evidence, *via* the testimony of multiple law enforcement officers, regarding the amount of cocaine Samuel possessed. Samuel argues first that the Commonwealth failed to adequately establish that he possessed the requisite amount of cocaine such that the mandatory minimum sentence would apply for four of the counts of which he was

---

[6] This statute was later ruled unconstitutional by this Court's decision in **Commonwealth v. Watley**, 81 A.3d 108 (Pa. Super. 2013).

convicted. Appellant's Brief at 24-25. We note that Samuel has once again failed to support this argument (which extends for a total of only eight and a half lines of text) with citation to the record or discussion of the relevant facts or law. ***See id***. Accordingly, we find this aspect of Samuel's claim waived.

Samuel also argues that pursuant to this Court's decision in ***Commonwealth v. Munday***, 78 A.3d 661 (Pa. Super. 2013), it was for the jury, and not the trial court, to determine whether he possessed enough cocaine so as to implicate the mandatory minimum sentence on each count. Appellant's Brief at 25. As a general matter, Samuel is correct; any fact that could increase the proscribed range of penalties to which a defendant is exposed must be found by a jury. ***Munday***, 78 A.3d at 664-656. The record is clear, however, that the trial court did not sentence him in accordance with mandatory minimum sentence provisions or any other enhancement that required a factual predicate before application. Rather, the record reveals that the trial court sentenced Samuel within the standard guideline ranges, which were substantially elevated because of Samuel's prior record score of five. N.T., 4/12/13, at 74. Thus, although it was not for the trial court to make the determination as to how much cocaine Samuel possessed for purposes of determining whether mandatory minimum sentencing provisions applied, this error had no impact on Samuel's sentence. Samuel's challenge to the legality of his sentence fails.

Finally, we arrive at Samuel's last claim, in which he argues that the trial court erred by allowing the Commonwealth to amend the criminal informations filed against him. Samuel argues that the trial court erred in permitting the amendment, which had the effect of backdating his involvement in the cocaine distribution ring, without a hearing, and that doing so caused him prejudice. Appellant's Brief at 18.

Rule of Criminal Procedure 564 governs the amendment of a criminal information.[7] The purpose of this rule is to "ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Page*, 965 A.2d 1212, 1223-24 (Pa. Super. 2009). When a challenge is raised to an amended information, the salient inquiry is

> [w]hether the crimes specified in the original … information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended … information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that

---

[7] "The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice." Pa.R.Crim.P. 564.

> the defendant would be prejudiced by the change,
> then the amendment is not permitted.

*Id.* at 1224. In this case, the original information alleged a period of criminal activity from October 5, 2011 to November 4, 2011, the date of Samuel's arrest. On February 28, 2012, as a result of information learned from the Grand Jury investigation that commenced following Samuel's arrest, a second set of charges relating to the same time period was filed against Samuel. Subsequently, based upon further information obtained from the Grand Jury investigation, the Commonwealth sought to amend the informations filed against Samuel (and his cohorts) only for the purpose of extending the period of their criminal activities back to January 1, 2011. *See* Motion to Amend Criminal Information, 7/12/12, at 7-11. The crimes charged in the amended informations were identical to the crimes charged in the original informations. The charges involved the same pattern of events upon which the charges in the original informations were based; the amendment simply extended the period of time in which the events occurred. As such, there was no "last minute addition of alleged criminal acts" of which Samuel was not informed. *Page*, 965 A.2d at 1223-24. The amendment did not run afoul of Rule of Criminal Procedure 564.

Samuel argues that he was prejudiced because the amendments "back-dated" his involvement in the criminal enterprise. Appellant's Brief at 18. Samuel misses the mark with this claim. As made clear by the

discussion of the relevant law above, prejudice in this context refers to charging a defendant with crimes arising out of a set of events unrelated to the conduct that served as the basis for the original charges.  ***See Page***, 965 A.2d at 1224.  That did not occur in this case.  Samuel also argues that the trial court should have held a hearing before ruling on the Commonwealth's motion so that he would be "apprised of the allegations resulting from the amendment" and "provided an effective opportunity to object to the Commonwealth's motion."  Appellant's Brief at 18-19.  Samuel's argument is disingenuous; he was served with the Commonwealth's motion on the date it was filed (as well as a subsequent motion to clarify the motion to amend); therefore, he was fully apprised of the purpose for which the Commonwealth sought amendment.  Furthermore, Samuel could have objected to the Commonwealth's motion by filing a response thereto; however, he failed to do so at any point before trial commenced.[8]  Samuel is due no relief on this claim.

Judgment of sentence affirmed.

---

[8] The Commonwealth filed its motion to amend on July 12, 2012.  Trial did not commence until January 22, 2013.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2014