J-S23011-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME BOWMAN, | : | |
| | : | |
| Appellant | : | No. 621 EDA 2014 |

Appeal from the Judgment of Sentence Entered January 14, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No. CP-51-CR-0011386-2012

BEFORE:  DONOHUE, SHOGAN, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JUNE 01, 2015**

I join the Majority Memorandum.  I write separately to address Appellant's challenge to the discretionary aspects of his sentence and the confusing status of the law regarding such challenges.[1]

As to Bowman's challenge to the discretionary aspects of his sentence, the Majority cites ***Commonwealth v. Lewis***, 911 A.2d 558, 567 (Pa. Super. 2006), for the proposition that allegations that a sentencing court failed to consider mitigating factors does not raise a substantial question that a sentence was inappropriate.  Majority Memorandum at 12.  Indeed, ***Lewis*** supports such a proposition.

---

[1] As Judge Bowes cogently observed in ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013), "it is apparent that this Court's determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency[.]"

* Retired Senior Judge assigned to the Superior Court.

However, this Court also has stated, "[i]t is well-established that a sentencing court's failure to consider mitigating factors raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). Moreover, this Court recently has reiterated several times "that an excessive sentence claim—in conjunction with an assertion that the court **failed to consider** mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (emphasis added; citation omitted) (citing *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005)); *Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa. Super. 2014); *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015).

Here, I agree with the Majority that Appellant is arguing that his sentence is excessive and that the trial court failed to consider mitigating factors. Based upon this Court's recent decisions, I believe that Appellant has raised a substantial question worthy of appellate review. However, because the Majority properly vacates Appellant's judgment of sentence due to its illegal nature and remands for resentencing, any challenge to the discretionary aspects of Appellant's sentence is moot.