J-S66040-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID E. SEAGREN, | : | |
| | : | |
| Appellant | : | Nos. 889 WDA 2015 |

Appeal from the Judgment of Sentence Entered April 30, 2015
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000503-2014

BEFORE:  OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 22, 2015**

David E. Seagren (Appellant) appeals from the aggregate judgment of sentence of 60 to 480 months of incarceration imposed after a jury convicted him of numerous counts of theft by deception, theft by unlawful taking, and forgery.  We affirm.

Appellant, an insurance agent, took nearly $190,000 from Dorothy Steiner, a nonagenarian client, between October 2011 and December 2013. Although Appellant maintained that the payments were made voluntarily by Ms. Steiner pursuant to a professional agreement, the jury disagreed and convicted him of a total of 52 counts of the crimes indicated above.  On April 30, 2015, determining that the counts of theft by unlawful taking merged for sentencing purposes, the trial court imposed sentences on the theft by

* Retired Senior Judge assigned to the Superior Court.

deception and forgery counts which amounted to an aggregate sentence of 60 to 480 months of imprisonment.[1] No post-sentence motion was filed.

Appellant's trial counsel was granted leave to withdraw upon Appellant's consent and the indication that he would proceed with a public defender. New counsel timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant challenges the discretionary aspects of his sentence.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Appellant neither objected at the sentencing hearing nor filed a post-sentence motion to reconsider or modify his sentence. Accordingly, his claim is waived. **See**, **e.g.**, **Commonwealth v. Tejada**, 107 A.3d 788, 799

---

[1] The April 30, 2015 sentencing order incorrectly indicated an aggregate maximum sentence of 240 months. The trial court corrected the mathematical error in an amended order filed on May 18, 2015.

(Pa. Super. 2015) ("As Tejada preserved none of the arguments in support of his discretionary aspects of sentencing claim at sentencing or in his post-sentence motion, they are not subject to our review.").[2]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2015

---

[2] Although it noted Appellant's failure to preserve his claim, the trial court addressed it on the merits. Trial Court Opinion, 7/15/2015, at 3-4. The claim nonetheless is waived for appellate review. **See Tejada**, 107 A.3d at 798-99 (holding discretionary aspects claim was not subject to this Court's review although Tejada raised his arguments in his 1925(b) statement and the trial court addressed them in its 1925(a) opinion).