J-S76040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVE MICHAEL KRCELICH | : | |
| | : | |
| Appellant | : | No. 959 WDA 2018 |

Appeal from the Judgment of Sentence Entered April 12, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000279-2017

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 24, 2018**

Steve Michael Krcelich (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of two counts of arson, three counts of aggravated arson, and one count each of reckless burning,[1] conspiracy to commit criminal mischief,[2] and insurance fraud.[3] On appeal, Appellant challenges the sufficiency of the evidence. We affirm.

On August 4, 2016, approximately 75 firefighters responded to a structure fire at an apartment building in Republic, Fayette County. N.T. Trial, Day 1, 4/2/18, at 25-26. Two firefighters were treated for heat exhaustion

---

[1] 18 Pa.C.S.A. § 3301(d)(1).

[2] 18 Pa.C.S.A. §§ 903(a), 3304(a)(1).

[3] 18 Pa.C.S.A. § 4117(a)(2).

and dehydration; one of them also suffered smoke inhalation. *Id.* at 32, 35. As a result of the fire, the apartment building was condemned and all 14 tenants were displaced. N.T. Trial, Day 2, 4/3/18, at 16, 28. The commercial building next door also sustained severe water and smoke damage. N.T., 4/2/18, at 43.

The Pennsylvania State Police investigated the fire and authorities charged William Ward, who lived in the apartment building, with intentionally starting the fire by lighting a mattress in a storage area of the building. N.T., 4/3/18, at 161. Ward eventually told the police that Appellant, who resided in another apartment in the same building, offered him $5,000 to start the fire. *See id.* at 164. Consequently, Appellant was charged with the aforementioned crimes.

In the interim, Appellant filed insurance claims totaling $32,800 under his renters policy with Allstate. N.T., 4/3/18, at 38-39, 43. Within a couple days of the fire, Allstate paid Appellant $2,000, but following its own investigation, concluded that Appellant conspired with Ward to cause the fire. *Id.* at 44-45, 63. Allstate denied Appellant's claim, but did not recover the $2,000 from him. *Id.* at 44, 63.

Appellant's case proceeded to a four-day jury trial commencing on April 2, 2018. The owner of the apartment building testified that Appellant collected rent on the owner's behalf and had a key to a locked storage room, to which the other tenants did not have access. N.T., 4/3/18, at 17. Ward testified

that in July of 2016, he was addicted to "pills" and heroin. *Id.* at 127. Appellant told Ward that he previously "burned down" a trailer, for which he received insurance money, and offered Ward $5,000 to set fire to the apartment building. *Id.* at 128. Ward agreed and the two men discussed their plan over the course of two and half weeks. *Id.* at 129. On August 4, 2016, Appellant gave Ward the key to a locked storage room, and Ward used a lighter to set fire to a mattress in that room. *Id.* at 132-133. At the time of Appellant's trial, Ward had pled guilty to his related charges and was awaiting sentencing.[4] *Id.* at 124. He acknowledged that he was offered a sentence of 6 to 12 years in exchange for his testimony against Appellant. *Id.*

At trial, the Commonwealth played telephone conversations between Ward and Appellant, which were recorded with Ward's cooperation. In these conversations, Ward referred to Appellant's promise to pay him $5,000 to set the fire, and requested the money so that Ward could pay his attorneys fees. N.T. 4/3/18, at 87, 91, 112, 113, 118-119. Pertinently, in the first conversation, Appellant responded "Yeah," when Ward said, "[Y]ou told me you'd give me $5,000 for this." *Id.* at 87. Appellant, however, also told Ward that he did not have any money and that Allstate had not given him any money. In a final conversation, Appellant said "I just gotta wait man. When I get the fuckin' money you'll have the money to pay your attorney . . ." *Id.*

---

[4] The notes of testimony do not specify Ward's convictions.

at 115.

Appellant testified in his defense, denying that he offered Ward money or that he knew what Ward did. N.T. Trial Days 3 & 4, 4/4/18, at 28, 43. Appellant stated that on the day of the fire, Ward visited him and was upset because of bed bug bites on his body. *Id.* at 20. Ward also asked for the key to the storage area because he did maintenance work at the apartment. *Id.* at 22. After Ward took the key and left, Appellant heard someone yell that there was smoke, the fire alarm sounded, and Appellant saw smoke. *Id.* at 23. Appellant knocked on everyone's door and warned them to leave. *Id.* at 24.

The jury found Appellant guilty of all eight offenses, which arose under seven different subsections of the Crimes Code. Appellant was convicted of: arson/bodily injury, § 3301(a)(1)(i); arson/inhabited building, § 3301(a)(1)(ii); two counts of aggravated arson/bodily injury, § 3301(a.1)(1)(i); aggravated arson/person present inside the property, § 3301(a.1)(1)(ii); reckless burning, § 3301(d)(1); conspiracy to commit criminal mischief, §§ 903, 3304(a)(1); and insurance fraud, § 4117(a)(2).

On April 12, 2018, the trial court sentenced Appellant to: (1) 36 to 72 months for one count of arson; (2) a consecutive term of 3 to 24 months for insurance fraud; and (3) two concurrent terms of 42 to 84 months for the two counts of aggravated arson. Appellant did not file any post-sentence motions.

Four days after sentencing, on April 16, 2018, Appellant's privately-

retained counsel sought, and was granted, leave to withdraw from representation. The trial court appointed the Fayette County Public Defender's Office to represent Appellant, and on May 17, 2018, current counsel filed a notice of appeal on Appellant's behalf. The trial court then directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant complied, raising a single issue challenging the sufficiency of the evidence. On June 15, 2018, this Court quashed Appellant's appeal as untimely on the basis that the notice of appeal was filed more than 30 days after sentencing. Superior Court Order, 739 WDA 2018 (filed Jun. 15, 2018); *see* Pa.R.A.P. 903(a). Appellant then successfully filed a petition with the trial court to reinstate his direct appeal rights *nunc pro tunc*, and this timely appeal followed. The trial court has filed a "Statement in Lieu of Opinion."

On appeal, Appellant purports to challenge the sufficiency of the evidence for all of his convictions, stating as follows:

> WAS THE EVIDENCE LEGALLY AND FACTUALLY INSUFFICIENT TO SHOW THAT [APPELLANT] COMMITTED THE CRIMES?

*See* Appellant's Brief at 7.

Preliminarily, we note:

> The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf. It [is an appellant's] responsibility to provide an adequately developed argument by identifying the factual bases of his claim and providing citation to and discussion

- 5 -

of relevant authority in relation to those facts. [If he] has failed to do so, [his] issue waived.

. . . In order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove. [If he] has failed to do so . . . he has waived this claim for lack of development.

**Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014) (citations omitted). We further note that a claim that the Commonwealth's evidence was incredible goes to the weight, not the sufficiency, of the evidence. **Id.**

As stated above, Appellant was convicted of eight counts, arising under seven different subsections of our Crimes Code. Although the argument section of Appellant's brief properly sets forth, generally, the Commonwealth's evidentiary burden at trial and this Court's standard of review, the sole reference to Appellant's eight crimes appears in the statement of the case: "Appellant was charged with Arson, et al." Appellant's Brief at 8. Appellant does not address that he was charged and convicted under two different subsections of the arson statute, and he fails to mention his other six convictions. Appellant also fails to articulate the statutory elements of any of his crimes, or identify which particular elements were allegedly unproven. Further, Appellant does not include, contrary to the requirements of Pa.R.A.P. 2117(a)(4), "[a] closely condensed chronological statement . . . of all the facts which are necessary to be known in order to determine the points in controversy[.]" **See** Pa.R.A.P. 2117(a)(4). Accordingly, we are constrained

to conclude that Appellant's challenge to the sufficiency of the evidence for all of his convictions is waived. *See Samuel*, 102 A.3d at 1005.

However, even if Appellant had properly preserved a sufficiency claim, we would find it to be meritless. First, he avers that "the only evidence" was testimony from Appellant's "alleged co-defendant" that Appellant "was going to pay the co-defendant if he set the place on fire." Appellant's Brief at 13. This argument ignores that the Commonwealth played recorded telephone conversations between Appellant and Ward, in which Ward referenced Appellant's promise to pay Ward $5,000 to set fire to the building, and that rather than denying such a claim, Appellant merely responded that he did not have the money to give to Ward. *See* N.T. 4/3/18, at 87, 91, 112, 113, 115, 118-119. We would agree with the trial court that Ward's testimony, together with recorded telephone conversations, established that Appellant committed both counts of arson at § 3301(a)(1)(i) and (ii) by "agree[ing] to pay another to cause a fire or explosion," "recklessly plac[ing] another person in danger of . . . bodily injury, including . . . a firefighter," and "commit[ting] the act with the purpose of destroying or damaging an inhabited building;" committed aggravated arson/bodily injury under § 3301(a.1)(1)(i) by "agree[ing] to pay another to cause a fire or explosion [on property] of another, and . . . thereby attempt[ing] to cause, or intentionally, knowingly or recklessly causes bodily injury to another person, including . . . a firefighter;" and committed insurance fraud at § 4117(a)(2) by "knowingly and with the intent to defraud [his]

insurer . . . presents . . . a claim that contains any false, incomplete or misleading information"). ***See also*** Trial Court's Statement in Lieu of Opinion, 7/2/18, at 2-5.

In addition, the Commonwealth presented evidence to show that Appellant committed arson of an inhabited structure under § 3301(a.1)(1)(ii) (person "agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and . . . when a person is present inside the property"); aggravated arson with a person present inside the property at § 3301(a.1)(1)(ii) ("person . . . agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and . . . a person is present inside the property at the time of the offense); reckless burning under § 3301(d)(1) ("person . . . agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and thereby recklessly . . . places an uninhabited building or unoccupied structure of another in danger of damage or destruction"); and conspiracy to commit criminal mischief under §§ 903(a) (person "agrees with such other person . . . that . . . one or more of them will engage in conduct which constitutes [a] crime") and 3304(a)(a) (person "damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire . . . ").

In sum, our review of Appellant's remaining arguments reveals that no relief would be due. Appellant summarily asserts that Ward "did not say anything about [Appellant] until he was charged and hoped for a better deal."

Appellant's Brief at 12-14. This challenge to the veracity of Ward's testimony goes to the weight of the Commonwealth's evidence, not its sufficiency. **See Samuel**, 102 A.3d at 1005. We would find this particular claim waived for Appellant's failure to raise it before the trial court. **See** Pa.R.Crim.P. 607(A)(1)-(3) (claim that the verdict was against the weight of the evidence shall be raised before or after sentencing). In any event, Ward acknowledged at trial that he had pled guilty to related charges and "was offered" a lower sentence of 6 to 12 years of imprisonment in exchange for his testimony. N.T., 4/3/18, at 17. The jury, sitting as the finder of the fact, is free to believe Ward's testimony and weigh it accordingly. **See Commonwealth v. Talbert**, 129 A.3d 536, 544 (Pa. Super. 2015) ("[T]he jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence.").

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2018

- 9 -