J-S06015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KRZYSZTOF MOZDZONEK | : | |
| | : | |
| Appellant | : | No. 1571 EDA 2018 |

Appeal from the Judgment of Sentence January 12, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007752-2016

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 27, 2019**

Krzysztof Mozdzonek appeals from the judgment of sentence of ten to twenty years of incarceration with a consecutive seven years of probation, imposed following his convictions for involuntary deviate sexual intercourse ("IDSI"), IDSI with a minor under sixteen, unlawful contact with a minor for purposes of IDSI, unlawful contact with a minor under sixteen, corruption of minors, and endangering the welfare of a child.  We affirm.

In November of 2013, when A.J. was fifteen, A.J. attended a Polish home party with other Polish boy scouts and his scout leader, Appellant.  N.T. Trial 11/8/17, at 38-41.  Appellant supplied him with alcohol and A.J. "blacked out." *Id*. at 44, 57.  The next morning, A.J. noticed that his penis seemed "different" and smelled of semen.  *Id*. at 46.  A few weeks later, Appellant offered A.J. marijuana.  *Id*. a 47.  While A.J. was "paralyzed" by the effects of the

marijuana, Appellant forcibly performed oral sex on him until he ejaculated. *Id*. at 51-52. Appellant then admitted to previously assaulting A.J. at the party. *Id*. 53.

After this assault, there were ten to twenty more instances of Appellant performing oral sex on A.J. *Id*. at 54. Many times A.J. would attempt to physically and verbally resist, but Appellant continued to perform oral sex on him. *Id*. at 95. Appellant bought A.J. gifts and provided financial support while continuing to assault A.J. *Id*. at 63, 66-68. 72-73. When A.J. resisted Appellant's attempts to have oral sex with him, Appellant would punish A.J. by taking away a "privilege." *Id*. at 96.

Finally, when A.J. was sixteen and "just couldn't take it anymore," he told his brother, and a few days later his mother. *Id*. at 81, 88-89. A.J.'s mother contacted the police in May of 2016. Appellant then spoke to his school counselor, the police, and a specialist at the Philadelphia Children's Alliance. *Id*. at 183-84; N.T. Trial, 11/9/17, at 14, 17, 19, 25. On June 7, 2016, detectives arrested Appellant for these offenses. *Id*. at 42.

Appellant proceeded to a jury trial and, on November 9, 2017, was found guilty of the above-referenced offenses. On January 2, 2018, the trial court imposed four concurrent terms of ten to twenty years of incarceration for IDSI forcible compulsion, unlawful contact of a minor, IDSI with a minor under sixteen, and unlawful contact with a minor under sixteen, followed by seven years of probation for endangering the welfare of a child. The court also

ordered Appellant to serve five years of probation for corruption of minors, but ran it consecutive to the imprisonment and concurrent to the probation already imposed. In total, Appellant's aggregate sentence was ten to twenty years of incarceration with a consecutive seven years of probation.

Appellant filed a motion to reconsider his sentence, which was denied. Appellant timely appealed, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following issue for our consideration:

> Was the sentence excessive and did the trial court abuse its discretion when it imposed a sentence that was nearly double the aggravated guidelines range, and where the sentence was significantly greater than what was needed to protect the public and did not truly take into consideration many mitigating factors, such as Appellant's tremendous community and family support, no prior record, extensive work history and positive position in his community and remorse at sentencing, among other factors?

Appellant's brief at 4.

Appellant challenges the discretionary aspects of his sentence. As such, the following principles apply to our consideration of whether review of the merits of his claim is warranted.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal

- 3 -

defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed a motion for reconsideration of his sentence and a timely notice of appeal. Appellant's brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). In his statement, Appellant claims that a substantial question is presented by the fact that the trial court imposed a sentence that was "approximately twice above the aggravated range that is recommended by the Sentencing Guidelines" and failed to consider Appellant's past as a positive force in the Philadelphia area Polish community, lack of a prior record, and community and family support. Appellant's brief at 9.

We find that this claim raises a substantial question as it challenges the adequacy of the reasons given by the trial court for its sentencing choice. ***See Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa.Super. 2005) (concluding substantial question raised by allegation that sentencing court imposed aggravated-range sentence without considering mitigating factors). Accordingly, we now turn our attention to Appellant's challenge to his sentence.

The following principles apply to our substantive review of Appellant's claim. "When reviewing sentencing matters, this Court must accord the

sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009). Rather, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Antidormi*, *supra* at 761 (citations and quotation marks omitted). Finally, when the trial court has been informed by a pre-sentence report, it is presumed that the court acted reasonably. *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa.Super. 2017).

Pursuant to 42 Pa.C.S. § 9781(c), we can vacate and remand only if we find (1) that the court intended to sentence within the guidelines, but "applied the guidelines erroneously;" (2) a sentence was imposed within the guidelines, "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or (3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). The instant sentence is outside the guidelines and therefore must be affirmed unless it is unreasonable. While reasonableness is not defined in the statute, it "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" ***Commonwealth v. Walls***, 926 A.2d 957, 963 (Pa. 2007).

Appellant argues that his sentence was excessive because it was greater than necessary to protect the public and did not adequately consider various mitigating factors. Specifically, Appellant alleges that the trial court did not consider his rehabilitative needs, community and familial support, traumatic upbringing, lack of a prior criminal record, and his remorse. Appellant's brief at 10-11.

Appellant fails to establish that the instant sentence was unreasonable. The certified record demonstrates that the trial court validly relied on several factors in electing to impose a sentence above the guidelines,[1] all of which

---

[1] The parties agree that Appellant's sentences for IDSI and unlawful contact with a minor were above the guidelines. Commonwealth's brief at 8.

demonstrated that the court followed the general principles outlined in § 9721(b), *i.e.*, that the sentence be consistent with the protection of the public, gravity of the offense as it relates to the victim and community, and the rehabilitative needs of the offender.

In fashioning the judgment of sentence, the trial court deemed it highly relevant that Appellant utilized his position as a boy scout leader to victimize A.J. It listened to A.J.'s mother as she explained the effects that the prolonged sexual assaults had on her son and their family. Trial Court Opinion, 8/14/18, at 7. The trial court was also strongly influenced by Appellant's lack of remorse at sentencing, especially given the fact that Appellant had admitted to committing these crimes. *Id*. at 8-9. Also, the court's review of the pre-sentence investigation ("PSI") report, revealed that Appellant's probation officer found that Appellant lacked remorse. *Id*. at 8.

Importantly, this is not where the court's analysis concluded. It also considered all of the mitigating circumstances Appellant presented, including his age, difficult upbringing, lack of prior record, and community support. *Id*. at 9. In addition, the court considered the information that Appellant provided in his rather "lengthy autobiographical statement," which detailed the foregoing circumstances. *Id*. at 9.

Our review confirms that the trial court considered Appellant's mitigating factors, and determined that they were entitled to little or no weight

under the circumstances. We have no license to reweigh the mitigating circumstances against the aforementioned factors. *Macias*, *supra*, at 778.

Nor did the trial court fail to place on the record its reasons for imposing a sentence above the guidelines. This court offered the following explanation for its decision:

> Sir, I listened to your allocution speech that went on for at least 45 minutes. And I was saddened that the only tear you shed was for yourself at missing your father and his one visit to the orphanage. None for [A.J.]. [A.J.] had – he was a mere mention or a blurb in your soliloquy that you went on about. Your life was tough. No one is arguing that. But now you made [A.J.]'s childhood a living nightmare. And you're not taking responsibility for that. I remember when he testified in this trial and how traumatized he was, and still is, about the years of abuse that occurred under your hands. You, his boy scout troop leader, betrayed that trust that his family put in you. His father worked out of town often, and he looked at you as a father figure. What I heard today is a person who is very self-absorbed. You made this whole incident about you and not this vulnerable young man. You heard that [A.J.] needs therapy. You've seen him and how traumatized he is. But I didn't see you shed a tear, not a tear, for that. And I do incorporate the District Attorney's argument in this sentencing. I do agree, and we highlighted a lot of the same matters from the report generated for this hearing . . . And I also want to state for the record, too, that I was actually inclined to give you a higher sentence than what was recommended by the Assistant District Attorney. But I take into account all the mitigation and argument that your lawyer put forth for you today, including your community activities and everything else. And that's why I gave you that sentence.

*Id*. at 9-10 (citing to N.T. (sentencing), 1/12/18, at 37, 38, 41).

The record establishes that the trial court took into account the relevant factors and explained the reasons for its sentence. It found that Appellant utilized his position of trust and responsibility in order to abuse a minor victim

over an extended period of time. Afterward, he showed little remorse for his actions, which had devastated a family and "split [a] formerly 'tight-knit' Polish community in two." Trial Court Opinion, 8/14/18, at 8. Accordingly, the trial court acted well within its discretion when it sentenced Appellant above the guidelines.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/19