J-S37006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER TORRES | : | |
| | : | |
| Appellant | : | No. 2374 EDA 2018 |

Appeal from the Judgment of Sentence April 7, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010893-2015

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 25, 2019**

Christopher Torres appeals *nunc pro tunc* from the judgment of sentence imposed after his convictions for aggravated assault and possession of a firearm prohibited ("VUFA").  We affirm.

Appellant shot and wounded Victoriano Vargas, a neighbor who was a grandfather figure to Appellant, after Mr. Vargas complained to Appellant about his selling drugs next to Mr. Vargas's property.  A jury found Appellant not guilty of aggravated assault as a felony of the first degree, but convicted him of second-degree-felony aggravated assault.  Upon the stipulation that Appellant had a prior conviction that precluded his lawful possession of a firearm, the trial court found him guilty of VUFA.  Based upon the offense gravity scores and Appellant's prior record score, the Commonwealth represented that the sentencing guidelines called for standard range sentences of four and one-half to nine years of incarceration for aggravated

assault, and five to ten years of incarceration for VUFA. Appellant did not contest the accuracy of the Commonwealth's representations. At the sentencing hearing, Appellant presented family members to offer mitigating evidence, and sought a county sentence of incarceration followed by probation. The Commonwealth sought the standard range sentences mentioned above, imposed consecutively. The trial court imposed five to ten years for the assault, followed by five years of probation for VUFA.

Appellant filed a timely motion for reconsideration of sentence, asking the court "to reconsider the sentence in light of the testimony presented by Christopher's family and friends on the day of the sentencing." Motion for Reconsideration of Sentence, 4/17/17, at ¶ 2. The trial court denied the motion without a hearing, and Appellant did not file an appeal.

Appellant filed a timely petition pursuant to the Post Conviction Relief Act ("PCRA") alleging that trial counsel failed to file a requested direct appeal. The PCRA court granted the petition, reinstating Appellant's appeal rights *nunc pro tunc*. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Is the sentence imposed an abuse of discretion, unduly harsh and excessive under the circumstances of this case [?]" Appellant's brief at 5.

The following principles apply to our consideration of whether Appellant has raised a viable challenge to the discretionary aspects of his sentence.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed a timely notice of appeal. Appellant's brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). Therein, he contends that the sentencing court misapplied the sentencing guidelines based upon the parties' misstatements of which guidelines were applicable, and that the trial court imposed an excessive sentence based upon failure to consider mitigating factors. Appellant's brief at 19-23.

The trial court opined that Appellant did not properly preserve these issues by raising them in his post-sentence motion. Trial Court Opinion, 11/27/18, at 4. Rather, in his motion Appellant asked only that the trial court reconsider the sentence based upon what Appellant's family and friends had said at the sentencing hearing. *Id*. (citing Motion for Reconsideration of Sentence, 4/17/17, at ¶ 2).

- 3 -

Our review of the record confirms that Appellant did not preserve the challenges he now argues by raising them either in his post-sentence motion or orally at the sentencing hearing. Therefore, he has not properly invoked our review of his discretionary aspects issues, and we affirm his judgment of sentence.[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/19

---

[1] In the event that this Court disagreed with the waiver analysis, the trial court addressed the merits of Appellant's claims and stated reasons why it believed they lacked merit. **See** Trial Court Opinion, 11/27/18, at 4-6. In his brief, Appellant posits that, if this Court deems any of his issues waived, he was deprived of his right to the effective assistance of counsel, and does not wish to waive his right to seek relief on collateral review. Appellant's brief at 21-22 n.4. As we have found them waived, we offer no opinion on the merits of Appellant's sentencing claims.