J-S36027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN JAC HARDING | : | |
| | : | |
| Appellant | : | No. 1241 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 6, 2023
In the Court of Common Pleas of Fulton County Criminal Division at
No(s): CP-29-CR-0000039-2021

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: DECEMBER 30, 2024**

Benjamin Jac Harding appeals from the judgment of sentence entered following his guilty plea to three counts of robbery.[1] Harding challenges the discretionary aspects of his sentence. We affirm.

The Commonwealth charged Harding with numerous crimes including robbery for acts he committed on December 9, 2020. Harding pleaded guilty to three counts of robbery and admitted to his involvement as follows:

> Q [The Court]: Turning to on or about December 9, 2020, here in Fulton County, can you tell me what you did on or about that date that causes you to plead guilty to three counts of robbery a 1st degree felony?
>
> A [Harding]: I entered a household with my two co-defendants and I used force to rob a number of items from the household and several ounces of marijuana from the household.

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

Q: And Crystal Stermer, Elijah Self, and Brandon Gosner, were they present when this occurred?

A: Yes, Your Honor.

Q: And they were in the household when you entered?

A: Yes.

Q: And this was a household that you didn't have permission to be there. It wasn't your home or those types of things?

A: It was not.

Q: You went in with the intent to rob?

A: Yes, Your Honor.

Q: So when you – you say that you threatened them?

A: Yes.

Q: How did you threaten them?

A: I basically told them that I would beat him, as far as Brandon Gosner.

Q: Did you brandish a firearm during this offense?

A: No, Your Honor, I did not.

The Court: [Commonwealth]

[Commonwealth]: We tried this case recently with a co-Defendant, Justin Kirkland, and what was revealed there was that Mr. Harding had in his possession a fake firearm. One that looked real but was [*sic*] that was not and one that – one of the other co-Defendant, Justin Kirkland, had a real 357 magnum pistol. Would that be correct?

A [Harding]: Yes.

Q [The Court]: Okay. And you used a fake gun to place the three individuals that I named in fear of serious - - immediate serious bodily injury?

A: Yes, Your Honor.

N.T., 4/11/23, at 10-11.

Sentencing occurred several months after Harding's plea. At the sentencing hearing, the Commonwealth noted that Harding "was on the run" before he pled guilty to the robbery charges. N.T., Sentencing Hearing, 6/6/23, at 2. During that time, Harding was arrested and convicted of theft. *Id.* at 3. The Commonwealth further explained that Harding did not turn himself in and instead had to be "hunted down and arrested by his bail bondsman." *Id.* It pointed out that at Harding's co-defendant's trial, there was testimony that Harding "was the ringleader. He was the one who knew the pot dealer. Who had a grudge against the pot dealer that three of them then went in and robbed." *Id.* at 4. It further explained that Harding had a fake gun "that looked real enough when it's pulled out at a robbery." *Id.* at 5. Harding's counsel made note that Harding's criminal record was due to his drug use. *See id.* at 7, 9. Both the Commonwealth and Harding's counsel spoke of the Pre-Sentence Investigation ("PSI") report. *See id.* at 2, 7.

Before imposing sentence, the court stated that the sentence was "for [Harding's] rehabilitation" and "for the protection of the public to vindicate the victims in this case[.]" *Id.* at 13. It stated that regarding Harding's capacity for rehabilitation, it had considered that Harding fled and "attempted to evade justice[.]" *Id.* at 13, 14. The court also mentioned that Harding had "a pretty substantial record for someone so young. I don't often see that. You know, multiple felons of violent crimes like burglaries and robberies." *Id.* at 12. The court then sentenced Harding to consecutive terms of 48 to 96 months'

- 3 -

incarceration for each of the three counts. *See id.* at 13.[2] The aggregate sentence was 12 to 24 years.

Harding filed a post-sentence motion claiming that his sentence was "so disproportionate as to implicate the 'fundamental norms which underlie the sentencing process.'" Defendant's Motion for Post-Sentence Relief, filed 6/14/23, at ¶ 11 (quoting 42 Pa.C.S.A. § 9771(c)). He argued that the sentence was excessive and unduly harsh considering his age and the gravity of the offense. *See id.* at ¶ 12. Harding noted that he received the same sentence as a codefendant who had a higher prior record score and did not plead guilty. Harding further stated that though there were three victims, "this was still one single act[.]" *Id.* at ¶ 14. The court denied the motion and this timely appeal followed.

Harding raises the following issue:

I.      Is the imposition of consecutive sentences totaling 144 months to 288 months, is, [sic], on its face, so disproportionate as to implicate the "fundamental norms which underlie the sentencing process." 42 Pa.C.S.§ 9771(c) considering the nature of the crimes and the length of imprisonment?

Harding's Br. at 3 (suggested answer omitted).

Harding challenges the discretionary aspects of his sentence. Before we may review such a challenge, we must determine whether: 1) the appeal is timely; 2) the appellant preserved the issue; 3) the appellant's brief contains a statement pursuant to Pa.R.A.P. 2119(f); and 4) the appellant has presented

---

[2] A different judge presided over Harding's plea. *See* N.T., Sentencing, at 5.

a substantial question. **See Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa.Super. 2014); Pa.R.A.P. 2119(f) ("An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Here, Harding has met all four requirements. His appeal is timely, he preserved the issue in a post-sentence motion, and his brief includes a statement pursuant to Rule 2119(f).[3] He also raises a substantial question since he claims that the court's imposition of consecutive sentences is unduly harsh "considering the gravity of the offense" and his age. Harding's Br. at 6-7; **see Commonwealth v. Moury**, 992 A.2d 162, 171-72 (Pa.Super. 2010) (stating substantial question raised for claim that imposition of consecutive sentences is "unduly harsh, considering the nature of the crimes and the length of imprisonment").

We review the discretionary aspects of sentencing under an abuse of discretion standard. **See Commonwealth v. Lawrence**, 313 A.3d 265, 285

---

[3] Harding's Rule 2119(f) statement is included in the same section as his argument in violation of Rule 2119(f). **See** Pa.R.A.P. 2119(f) (stating statement shall be in a "separate section" of the brief). However, since the Commonwealth does not object, we decline to find waiver. **See Commonwealth v. White**, 193 A.3d 977, 982 (Pa.Super. 2018) (declining to find waiver of discretionary sentencing claim where appellant did not comply with requirements of Rule 2119(f) and Commonwealth did not object).

(Pa.Super. 2024), *appeal denied*, No. 199 MAL 2024, 2024 WL 4448719 (Pa. Oct. 9, 2024).

The trial court explained that in imposing consecutive sentences it considered "that three separate individuals were at the residence that [Harding] and his cohorts visited that night, and that three individuals had guns brandished at them and three individuals had property taken from them." Opinion and Order of Court, filed 8/15/23, at 7.[4] Regarding Harding's age, the court determined that his age "did not excuse his behavior." ***Id.*** at 5. The court noted that the PSI "reveals that although [Harding] is a high school graduate, . . . [Harding] used his time on bail during the pendency of this case to commit other serious offenses for which he was convicted and received comparatively light sentences." ***Id.*** The court also concluded that Harding's criminal behavior has escalated, noting that in a span of two years "[Harding] has gone from committing relatively minor traffic or summary offenses to breaking into [people's] homes and stealing their property in order to pawn to armed robbery." ***Id.*** at 6.

The trial court did not abuse its discretion. We note that the sentencing court has discretion to impose consecutive sentences. ***See Commonwealth v. Brown***, 249 A.3d 1206, 1212 (Pa.Super. 2021). Additionally, where the court has the PSI report, we presume that it "was both aware of and

---

[4] The court relied on its opinion denying Harding's post-sentence motion, in lieu of a Rule 1925(a) opinion. ***See*** Opinion Sur Pa.R.A.P. 1925(a), filed 10/3/23, at 2.

appropriately weighted all relevant information contained therein." ***Commonwealth v. Griffin***, 804 A.2d 1, 8 (Pa.Super. 2002).

The court imposed a sentence consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community," and Harding's rehabilitative needs. 42 Pa.C.S.A. § 9721(b). In imposing its sentence, the court was aware that Harding was 21 years old and had a drug addiction. ***See*** N.T., Sentencing, at 8, 11-12. The court also noted that Harding had "a pretty substantial record for someone so young." ***Id.*** at 12. In considering whether to impose a consecutive or concurrent sentence, the court stated, "my thoughts were to those three people who were minding their own business had a gun stuck in their face, three of them." ***Id.*** Finally, the court made note of Harding fleeing before pleading guilty. ***See id.*** at 14. Considering the underlying facts, Harding's rehabilitative needs, and the court's reasoning, we do not find that the sentence of 144 months to 288 months was an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2024