J-S82037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKLIN CUTTINO, | : | |
| | : | |
| Appellant | : | No. 67 EDA 2018 |

Appeal from the Judgment of Sentence December 28, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003815-2017

BEFORE:   LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED MARCH 12, 2019**

Franklin Cuttino (Appellant) appeals from the judgment of sentence of four to ten years of incarceration, followed by four years of probation, imposed after he pleaded guilty to burglary, conspiracy, and theft by unlawful taking. We affirm.

On February 25, 2017, at about 3:00 p.m., Appellant and a co-conspirator entered the victim's garage without permission and stole two bicycles valued at nearly $1,000.[1]  The victim's video surveillance system

---

[1] Because Appellant has failed to include the notes of testimony as part of the certified record, we glean the facts from the police arrest report and criminal complaint.

---

*Retired Senior Judge assigned to the Superior Court.

recorded Appellant committing the crime. Appellant was apprehended the following day.

On October 5, 2017, Appellant entered an open guilty plea to the aforementioned crimes.[2] On December 28, 2017, Appellant was sentenced to concurrent terms of four to ten years of incarceration on the burglary and conspiracy convictions, followed by four years of probation on the theft by unlawful taking conviction. Appellant did not file post-sentence motions, but did file a timely notice of appeal. Appellant complied with Pa.R.A.P. 1925(b). On February 20, 2018, the trial court informed this Court that it would not be filing an opinion pursuant to Rule 1925(a) because the plea and sentencing judge is no longer serving as a judge in the trial court.

On appeal, Appellant raises one claim for our review. He contends that his sentence was "arbitrary, excessive, unreasonable, shocking to the conscience, and disproportionate to the crimes, in that it violated a fundamental norm of an open plea of guilty and an abuse of discretion." Appellant's Brief at 3 (unnecessary capitalization and internal quotation marks omitted). Because this claim implicates the discretionary aspects of Appellant's sentence, we must first determine whether Appellant has invoked this Court's jurisdiction to review the merits of this claim.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence

---

[2] A remaining charge of receiving stolen property was *nolle prossed*.

must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal. However, our review of the record reveals that Appellant did not file a post-sentence motion. ***See Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."). Further, this Court's review has been substantially impeded by Appellant's failure to request and file a transcript of his guilty plea and sentencing hearings in compliance with Pa.R.A.P. 1911(a) ("The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor….").

[W]ell-settled Pennsylvania law makes clear an appellate court is limited to considering only the materials in the certified record when resolving an issue. Where the appellant has not made the transcript of the proceedings at issue a part of the certified record, we have said:

- 3 -

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a)…. When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

*Commonwealth v. Houck*, 102 A.3d 443, 456 (Pa. Super. 2014) (some internal citations omitted). There is no indication that Appellant requested the transcripts or that they are available. Without the transcripts, we are unable to determine whether Appellant preserved the issue at sentencing. *See Griffin*, 65 A.3d at 935. Accordingly, Appellant has waived this issue for our review, and he is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/19