J-S61003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD MADISON | : | |
| | : | |
| Appellant | : | No. 3383 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 1, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004207-2017,
CP-51-CR-0004248-2017, CP-51-CR-0004366-2017

BEFORE: BOWES, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                         **FILED JULY 24, 2020**

Ronald Madison appeals from the aggregate judgment of sentence of ten to twenty years of imprisonment imposed after he entered open guilty pleas to various counts of robbery in the above-captioned cases.[1]  We affirm.

---

* Former Justice specially assigned to the Superior Court.

[1] Appellant's notices of appeal, filed at each docket implicated at Appellant's sentencing hearing, include all three case numbers, in violation of this Court's ruling in **Commonwealth v. Creese**, 216 A.3d 1142, 1143 (Pa.Super. 2019), that such practice violates our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  By order of November 25, 2019, we stayed this appeal pending *en banc* consideration of whether the inclusion of more than one number a notice of appeal violates **Walker**.  On July 9, 2020, this Court held that it does not.  **See Commonwealth v. Johnson**, ___ A.3d ___, 2020 PA Super 164 (Pa.Super. July 9, 2020) (*en banc*).  Accordingly, we lift the stay and proceed to address the merits of the appeal.

The Commonwealth offered the following factual bases for Appellant's guilty pleas.

On March 7, 2017, approximately 9:15 a.m., this defendant walked into the Wells Fargo bank located at 2843 North Broad Street. He handed a withdrawal slip in the name of Jason Williams over to the teller.

On the back of that slip was the words, Put money over now. That teller handed this defendant $2,500 in U.S. currency, and the male fled, leaving behind the demand letter.

It was tested by Philadelphia Police, and a positive fingerprint came back to [Appellant].

A photo . . . of [Appellant] was shown to the victim, who positively identified this defendant as the person who handed him the note.

On March 13, 2017, at approximately 11:25 a.m. -- and this is going to No. 3, Your Honor, which is 4207-2017 -- March 13, 2017, at 11:25 a.m., [Appellant] walked into the Wells Fargo bank located at 700 Adams Avenue, here in the City and County of Philadelphia. He handed over a withdrawal slip with the name Jason Williams on it and a piece of paper which read, Give me the money before someone gets hurt.

Before any money could be handed over, [Appellant] did flee the scene. Surveillance video was shown to -- was viewed by detectives, who looked similar to the person that robbed the last Wells Fargo bank. A photo array was shown to the victim. He did positively identify [Appellant] a[s] the one who handed over the note.

N.T. Guilty Plea, 8/9/18, at 9-11.

On March 27, 2017, at approximately 4:10 in the morning, the victim in this case was walking to his house at the 1300 block of West Allegheny Avenue when a navy blue Chevy TrailBlazer pulled up. [Appellant] got out, approached the victim, pulled out a black handgun and stated, Give me everything. [Appellant] turned the victim around, reached into the victim's pocket and pulled out his cell phone and some money -- the cell phone was a

Galaxy S7 -- and fled in that Chevy TrailBlazer. Police were called. When they arrived on scene, they asked the victim for his phone number. He gave it to them, and they tracked it to the 1100 block of Roy Street. Officers responded to that location, which is just down the street.

They did see [Appellant] inside the blue Chevy TrailBlazer on the stolen cell phone. The victim was brought to the scene where he identified this individual as the person that robbed him. He also has a previous conviction, which would make him ineligible to carry a firearm.

N.T. Guilty Plea, 8/6/18, at 9-10.

Upon these facts, the trial court accepted Appellant's guilty pleas to two counts of robbery, one count of attempted robbery, and one violation of the uniform firearms act ("VUFA"). At a November 1, 2018 sentencing hearing, the trial court heard substantial mitigating evidence presented by Appellant, including testimony from a social worker with the Institute for Community Justice who indicated that Appellant was eager to utilize the provided services and now had a support system that he has never had before. *See* N.T. Sentencing, 11/1/18, at 9-11. The Commonwealth, however, noted that while many people suffer from addiction, they do not all turn to violence the way Appellant repeatedly had done; therefore, it requested consecutive standard-range sentences for an aggregate term of fifteen to thirty years. *Id*. at 13-14. At the conclusion of the hearing, the trial court imposed concurrent, standard-range sentences on the convictions, resulting in an aggregate sentence of ten to twenty years of imprisonment.

Appellant filed a timely post-sentence motion, and a timely notice of appeal after the trial court denied the motion. Both Appellant and the trial court thereafter complied with Pa.R.A.P. 1925. Appellant presents one question for this Court's consideration: "Is the sentence imposed unduly harsh and excessive under the circumstances of this case?" Appellant's brief at 5.

We begin with a review of the applicable law.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed a timely notice of appeal and raised his sentencing claims in a timely post-sentence motion seeking reconsideration of his sentence. Appellant's brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). Thus, we consider whether Appellant has raised a substantial question.

Appellant raises a claim that his sentence is excessive in conjunction with an assertion that the trial court failed to consider mitigating factors. ***See***

Appellant's brief at 19. We have held that this combination raises a substantial question that the sentence is not appropriate under the sentencing code. *See* ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014). Therefore, we proceed to address the merits of Appellant's claim.

"When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Edwards***, 194 A.3d 625, 637 (Pa.Super. 2018) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Rather, we review the sentencing court's sentencing determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).

"When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Id***. at 761 (citations and quotation marks omitted). "And, of course, the court

must consider the sentencing guidelines." ***Commonwealth v. Coulverson***,

34 A.3d 135, 144 (Pa.Super. 2011) (cleaned up).

With these principles in mind, we consider Appellant's arguments, which

he summarizes as follows:

> The imposition of a non-mitigated sentence is excessive under the circumstances. Several mitigating factors are present in the matters sub judice. The 47 year-old [Appellant] accepted responsibility, exhibited remorse, was apologetic for his actions, did not physically injure anyone during his crimes, committed the crimes over a relatively brief three week period, committed the crimes as a result of opiate addiction, and took steps to address and rectify his drug dependence while incarcerated. These facts warrant imposition of a mitigated sentence.

> The imposition of a non -mitigated sentence upon [Appellant], in light of the numerous mitigating factors referenced above, results in a sentence that is both clearly unreasonable and excessive under the circumstances including the appellant's age, lawful work history, drug addiction, acceptance of responsibility, remorse, and rehabilitative needs.

Appellant's brief at 26.

The trial court responded to Appellant's arguments as follows.

> During the sentencing hearing, this court carefully listened as Appellant's counsel set forth mitigating circumstances calling for a reduced sentence and also the court reviewed the pre-sentence reports, which outlined Appellant's horrendous criminal history. This court also considered Appellant's mitigating evidence, which is reflected in the record where this Court noted that it had considered that evidence in deciding upon a sentence.

> Regarding the claim alleging that this court did not consider Appellant's rehabilitative needs, this court did consider them in fashioning the sentence imposed on Appellant. This court carefully reviewed all of the reports and despite the seriousness of the underlying crimes, it decided against imposing a more serious sentence, one which would have reflected the seriousness of the offenses committed by Appellant and which would have

protected the public from Appellant for a far longer period of time. Although this court did not parrot every word in 42 Pa.C.S. § 9721(b), the certified record reveals it thoroughly considered appropriate factors prior to imposing sentence. This court witnessed [A]ppellant during the guilty plea hearing and properly considered the nature and circumstances of his offenses, as well as his personal history and sincere expression of remorse.

Finally, Appellant's sentence was not excessive in light of the seriousness of the underlying matters and the fact that Appellant committed three separate robberies and during one of them he threatened the victim with a firearm. In fact, in this court's view the aggregate sentence manifested leniency given the underlying facts and the importance of protecting the public from criminal violence. In a case where the maximum imposable sentence was far greater, it could be said that the sentence was too low. In any event, this court considered all relevant factors in deciding upon a sentence. That was all the law required and, thus, it is suggested that the Honorable Court deem this issue to be lacking in merit.

Trial Court Opinion, 3/25/19, at 3-4 (citations and unnecessary capitalization omitted).

Reviewing the certified record in accordance with the applicable legal principles, we discern no basis to disturb Appellant's sentence. The trial court considered the applicable sentencing factors, including the mitigating evidence and Appellant's rehabilitative needs, and imposed standard-range, concurrent sentences for a term less that the Commonwealth sought, but appropriate to protect society. *See* N.T. Sentencing, 11/1/18, at 15-17. Hence, Appellant has failed to demonstrate that "sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision," and thus has not established that the trial court abused its discretion. ***Antidormi***, ***supra*** at 760.

Appellant essentially asks this Court to re-weigh the factors and conclude that a mitigated-range sentence is more appropriate, an undertaking this Court cannot do. *See Macias*, *supra* at 778. Consequently, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/20