J-S09029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROD L. JONES, JR. | : | |
| | : | |
| Appellant | : | No. 719 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 1, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008782-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: MAY 22, 2023**

Rod L. Jones, Jr., appeals from the judgment of sentence of twenty-one to forty-six years of incarceration, followed by seven years of probation, imposed following his jury convictions for rape, involuntary deviate sexual intercourse ("IDSI") of a person less than sixteen years of age, unlawful contact with a minor, aggravated indecent assault, sexual assault, statutory sexual assault, endangering the welfare of children ("EWOC"), corruption of a minor, and indecent assault of a person less than sixteen years of age.  We affirm.

We glean the following from the certified record.  Over the course of four years, Appellant committed multiple, repeated acts of sexual abuse against his stepdaughter, beginning when she was thirteen years old.  "The abuse included vaginal penetration, digital penetration, and oral sex which Appellant performed both on [the victim] and forced [the victim] to perform

on him." Trial Court Opinion, 10/13/22, at 2-3 (footnote omitted). Following

a jury trial, Appellant was convicted of the above-mentioned crimes.[1] The

trial court sentenced Appellant as follows:

- Rape: six years and six months to thirteen years of incarceration, followed by seven years of probation;

- IDSI: six years and six months to thirteen years of incarceration, to be served consecutive to the period of incarceration imposed for the rape conviction;

- Unlawful contact with a minor: three to six years of incarceration to be served consecutive to the period of incarceration imposed for the IDSI conviction;

- Aggravated indecent assault: three to ten years of incarceration to be served consecutive to the period of incarceration imposed for the unlawful contact with a minor conviction;

- EWOC: one to two years of incarceration to be served consecutive to the period of incarceration imposed for the aggravated indecent assault conviction; and

- Corruption of minors: one to two years of incarceration to be served consecutive to the period of incarceration imposed for the EWOC conviction.

_____

[1] This was Appellant's second jury trial for the same offenses. He was first convicted in 2016. On appeal, this Court held, *inter alia*, that a detective's testimony regarding the inability of sexual abuse victims to recall specific dates was properly admitted lay-opinion testimony because it "was rationally based on [the detective's] experience, was helpful to the trier of fact, and was not based on scientific, technical, or other specialized knowledge." *Commonwealth v. Jones*, 194 A.3d 717 (Pa.Super. 2018) (unpublished memorandum at 8). Our Supreme Court disagreed, holding that such testimony "falls within the realm of expert testimony." *Commonwealth v. Jones*, 240 A.3d 881, 891 (Pa. 2020). Concluding that the improper admission was not harmless error, the High Court remanded for a new trial.

*See* Order of Sentence, 3/1/22. Appellant filed a post-sentence motion, which the trial court denied.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents a single issue for our review:

> Was the aggregate sentence of twenty-one to forty-six years of incarceration, followed by seven years of probation, manifestly excessive, unreasonable, contrary to the dictates of the Sentencing Code and an abuse of the sentencing court's discretion? Specifically, did the sentencing court fail to consider the rehabilitative needs of [Appellant] and improperly focus upon the seriousness of the offense, while ensuring that [Appellant] would remain under court supervision for the remainder of his life? Should [Appellant's] case be remanded for a new sentencing hearing?

Appellant's brief at 7 (cleaned up).

Appellant's issue implicates the discretionary aspects of his sentence. Such an appeal is not a matter of right, but instead, an appellant must first invoke our jurisdiction using a four-part test, whereby this Court considers:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014).

Appellant filed a timely notice of appeal and post-sentence motion. He included a Pa.R.A.P. 2119(f) statement in his brief, arguing that the sentencing court focused solely on the seriousness of the crimes in imposing the sentence, and the sentence imposed is "so manifestly excessive as to

constitute too severe a punishment under the circumstances of the case." Appellant's brief at 17-20. We conclude that Appellant has raised a substantial question and we may proceed to the merits of his discretionary-aspects-of-sentencing claim. *See Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa.Super. 2020) ([A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question" (cleaned up)).

This Court will not disturb a sentence "on appeal absent a manifest abuse of discretion." *Id*. (cleaned up). We have clarified that "an abuse of discretion is not shown merely by an error in judgment." *Id*. (cleaned up). Instead, a defendant "must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id*. (cleaned up). In addition, "this Court's review of the discretionary aspects of a sentence is governed by 42 Pa.C.S. § 9781(c) and (d)." *Id*. (cleaned up). These subsections provide in pertinent part as follows:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the

application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781.

Here, Appellant contends that his sentence is unreasonable and excessive because the court focused solely on the seriousness of the crime and the impact on the victim, while failing to consider Appellant's rehabilitative needs and other mitigating factors. *See* Appellant's brief at 33. While Appellant acknowledges "the serious impact his crimes had on the victim in this case," he nonetheless argues that "the reasons listed by the trial court show an excessive emphasis on retribution which is disfavored under *Commonwealth v Coulverson*, 34 A.3d 135 (Pa.Super. 2011)." *Id*. (citation altered).

In *Coulverson*, this Court found the aggregate sentence of eighteen to ninety years of incarceration, imposed for sexual offenses, robbery, and other

- 5 -

offenses spanning three days, to be unreasonable. Of relevance, we noted the sentencing court's "scant" explanation and discussion which evinced the "court's determination that the defendant should spend as much of his life in prison as the court could order, notwithstanding the tragedy and dysfunction underlying Coulverson's own life" and his rehabilitative needs. *Coulverson*, *supra*, at 148, 150.

In the instant case, the trial court noted at the outset of the sentencing hearing that it had the benefit of a pre-sentence investigation ("PSI") report from 2016, when Appellant was initially convicted and sentenced, as well as an updated PSI report that had been prepared in anticipation of the new sentencing hearing. *See* N.T. Sentencing, 3/1/22, at 3. In addition to considering these PSI reports, the court also considered the sentencing guidelines, the statements of counsel, and the victim impact statements. *Id*. at 42. Appellant chose not to speak to the court on his own behalf.

Prior to imposing sentence, the court explained its reasonings for rejecting defense counsel's request for a standard-range sentence as follows:

> I cannot agree with the assertion that in a case of this nature that a standard range sentence on one of the most serious offenses in any way vindicates the seriousness of what transpired, even accounting for [Appellant's] rehabilitative needs.
>
> This wasn't one incident. Not only did this occur over the course of four years -- and bear in mind, I think one of the most difficult and troubling aspects of this is she had nowhere to go. That was her house. She had to come back every day not knowing if that was a day she was going to be subjected to abuse, and that went on from the time she was 13 until the time she was 17.

There was testimony that occurred at trial that Mr. Jones indicated that she needed to keep quiet, that she shouldn't say anything about what was transpiring, and during that period of time this escalated from what the Court could characterize as indecent assaultive behavior to -- I'm not going to recount each and every act here but to what constituted the [IDSI] of oral sex to sexual intercourse that she had to endure, not knowing who to turn to or what to do.

That kind of systemic and escalating abuse simply is not addressed by imposing a standard range sentence on one count.

Now, the Court has to attempt to balance all of these factors. It is true he has a prior record score of zero, and that is reflected in the guidelines. The seriousness of each offense is reflected in the offense gravity score.

The Court is considering all of that, but I do believe that there is ample evidence in this case of aggravation. I've spoken to that multiple times here I think already today, but that is to include the number of times that this occurred, the nature of and position of trust and authority that he held over her.

*Id*. at 45-47.

The court further noted that the counts of rape and aggravated indecent assault did not account "for the fact that she was a child when this occurred." *Id*. at 47. The court declined to give Appellant a "volume discount" given his "pattern of abuse[,]" observing that the rape and IDSI convictions "were so different, so repeated, so systemic in nature and occurred over such a long period of time that aggravated range sentences that are run consecutively are warranted at those two counts." *Id*. at 48-50. Finally, it indicated its belief that the sentence imposed "reflect[ed] the distinctly different acts that were perpetrated upon this victim over a repeated course of time, the damage that

it has done, the impact it has had on her, and this takes into account his rehabilitative needs." *Id*. at 55.

Upon review of the certified record, we find the instant case to be entirely distinguishable from the unreasonable sentence imposed in **Coulverson**. First, the trial court in the case *sub judice* offered ample explanation for its sentence. Second, the maximum aggregate sentences, the length of the conduct, and the rehabilitative needs of Coulverson and Appellant were wholly disparate. Appellant sexually assaulted the victim, his stepdaughter, not for one night but for four years, and his aggregate maximum sentence for that course of conduct was roughly half the maximum sentence imposed in **Coulverson**.

Moreover, the certified record establishes that the trial court considered all relevant factors and balanced them appropriately in determining that the imposed-upon sentence was warranted. **See Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009) (reiterating our Supreme Court's holding that "[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors" (cleaned up)). Appellant's disagreement with how the trial court weighed those factors does not entitle him to relief. **See id**. ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court."). As we discern no abuse of discretion on the trial court's part, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2023