J-S48028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEXIS MARIANO ROLON | : | |
| | : | |
| Appellant | : | No. 912 EDA 2024 |

Appeal from the PCRA Order Entered March 14, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000245-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEXIS MARIANO ROLON | : | |
| | : | |
| Appellant | : | No. 1494 EDA 2024 |

Appeal from the PCRA Order Entered March 14, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000246-2019

BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 4, 2025**

Appellant Lexis Mariano Rolon appeals from the order denying his first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that his appellate counsel was ineffective for failing to challenge the denial of his motion to suppress on direct appeal.  We affirm.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

The underlying facts are well known to the parties. **See Commonwealth v. Rolon**, 1241 EDA 2021, 2022 WL 35477, at *1 (Pa. Super. filed Jan. 4, 2022) (unpublished mem.). Briefly, Appellant was charged with multiple sexual offenses at two trial court docket numbers. Prior to trial, Appellant filed a motion to suppress statements that he gave to sheriff's deputies in Florida and an audio recording of those statements, arguing that the deputies violated the protections of **Miranda v. Arizona**, 384 U.S. 436 (1966). The trial court denied Appellant's suppression motion on June 18, 2020.

On November 4, 2020, a jury convicted Appellant of various sexual assault offenses. The trial court imposed an aggregate sentence of fifteen years and ten months to thirty-four years' incarceration followed by ten years' probation on April 21, 2021. Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, which the trial court denied.

Appellant subsequently filed a direct appeal challenging the discretionary aspects of his sentence. **See Rolon**, 2022 WL 35477, at *2. After this Court affirmed Appellant's judgment of sentence, our Supreme Court denied Appellant's petition for allowance of appeal on June 27, 2022. **See id.** at *5, *appeal denied*, 281 A.3d 300 (Pa. 2022). Alexander J. Karam, Jr., Esq., (appellate counsel) represented Appellant at trial and on direct appeal.

Appellant filed a timely *pro se* PCRA petition on May 17, 2023. The PCRA court appointed counsel to represent Appellant, who filed two amended PCRA petitions on Appellant's behalf. In his second amended PCRA petition,

Appellant claimed that appellate counsel was ineffective for failing to challenge the trial court's denial of Appellant's motion to suppress on direct appeal. *See* Am. PCRA Pet., 10/24/23, at 3-5 (unpaginated).

The PCRA court held an evidentiary hearing on November 13, 2023. Appellate counsel and Appellant testified at that hearing. The PCRA court issued an opinion and order denying Appellant's PCRA petition on March 14, 2024.

Appellant filed a timely notice of appeal[2] and a court-ordered Rule 1925(b) statement. In its Rule 1925(a) opinion, the PCRA court adopted the reasoning from its March 14, 2024 opinion and order. *See* PCRA Ct. Op., 6/25/24.

On appeal, Appellant raises a single issue:

Whether Appellant received ineffective assistance of counsel in that appellate counsel failed to challenge the trial court's denial of [Appellant's] suppression motion on direct appeal?

Appellant's Brief at 4.

Specifically, Appellant argues that after the sheriff's deputies in Florida informed him of his *Miranda* rights and asked if Appellant wanted to answer

---

[2] Appellant initially filed a single notice of appeal listing both trial court docket numbers in violation of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) and Pa.R.A.P. 341. On May 20, 2024, this Court ordered Appellant to file two amended notices of appeal. *See* Order, 5/20/24 (*per curiam*) (citing *Commonwealth v. Young*, 280 A.3d 1049, 1057 (Pa. Super. 2022)). Appellant filed amended notices of appeal, one at each trial court docket number that same day. This Court subsequently consolidated these appeals *sua sponte* pursuant to Pa.R.A.P. 513. *See* Order, 8/27/24 (*per curiam*).

questions, Appellant responded "no." *Id.* at 6 (citation omitted). Appellant contends that although appellate counsel raised this *Miranda* issue in a suppression motion before the trial court, appellate counsel did not challenge the denial of this suppression motion on direct appeal. *Id.*

The Commonwealth responds that Appellant's underlying *Miranda* issue lacks arguable merit. Commonwealth's Brief at 6-7. The Commonwealth also argues that Appellant is not entitled to relief because Appellant has failed to present any argument with respect to the reasonable basis and prejudice prongs of the ineffective assistance of counsel test. *Id.* at 9-11.

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

We presume that a defendant's counsel was effective. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

> This Court has explained that
>
> to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit;

- 4 -

(2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

* * *

Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Sandusky*, 203 A.3d at 1043-44 (citations omitted and formatting altered);

*see also Fears*, 86 A.3d at 804 (stating that where a petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development" (citations and quotation marks omitted)).

This Court has explained:

The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (some citations omitted). When an appellant fails to present an adequately developed argument in an appellate brief, this Court may find that issue waived. *See id.*

Here, Appellant in his seven-page brief, fails to explain why appellate counsel lacked a reasonable basis for failing to raise the *Miranda* claim on direct appeal and why there is a reasonable probability that if appellate

counsel had done so, this Court would have granted relief. *See Sandusky*, 203 A.3d at 1043-44. Appellant's boiler plate discussion that consists of one page in the argument section of his brief merely states that direct appeal counsel never raised the voluntariness of Appellant's statement to police with no supporting argument or legal authority. *See* Appellant's Brief at 6. Because Appellant has failed to develop his argument supporting the reasonable basis and prejudice prongs of the ineffectiveness standard, we conclude that Appellant has waived his sole claim, and that he is not entitled to relief.[3] *See Sandusky*, 203 A.3d at 1043-44; *see also Fears*, 86 A.3d at 804.

Order affirmed. Jurisdiction relinquished.

_____

[3] Further, although the PCRA court issued an order directing that the proceedings in this matter be transcribed, the transcript from the November 13, 2023 PCRA hearing does not appear in the certified record. *See* PCRA Ct. Order, 3/18/24. We note that the ultimate responsibility for providing the complete record rests with appellant or the party raising the issue that requires an appellate court to access the record materials. *See* Pa.R.A.P. 1911(a); Pa.R.A.P. 1921, Note; *see also Commonwealth v. Lesko*, 15 A.3d 345, 410 (Pa. 2011) (explaining that "if a party is indigent, and is entitled to taxpayer-provided transcripts or portions of the record, he will not be assessed costs. But, that does not absolve the appellant and his lawyer of his obligation to identify and order that which he deems necessary to prosecute his appeal"). Without this transcript, this Court cannot effectuate meaningful appellate review. Therefore, we also conclude that Appellant waived this claim because he failed to ensure the necessary transcript was included in the certified record. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (stating that "[w]hen the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review" (citation omitted)).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/4/2025